ADOLPH T. BERGER et al., appellees, v. AMANA SOCIETY et al., appellants.

No. 50874.

(Reported in 120 N.W.2d 465)

David G. Bleakley, Harold D. Vietor, T. M. Ingersoll, Elliott, Shuttleworth & Ingersoll, all of Cedar Rapids, for appellants.

Swift & Swift, of Marengo, Edward J. Von Hoene, of Williamsburg, and Messer & Cahill, of Iowa City, for appellees.

STUART, J.—This case has been before us on two prior occasions. The first was an interlocutory appeal from a ruling on points of law under rule 105, Rules of Civil Procedure. In the decision filed in July 1959 and reported in 250 Iowa 1060, 95 N.W.2d 909, 70 A. L. R.2d 830, we held the defendant corporation could issue additional stock if it did not impair the contract rights of nonassenting stockholders to redeem their shares

at true value. The second appeal was from the decision of the district court following trial on the merits. In this decision, filed in November 1961 and reported in 253 Iowa 378, 387, 111 N.W. 2d 753, 757, we held the directors of the corporation did not make a full and fair disclosure of the effect of the proposed amendment to the Articles of Incorporation and it should be held inoperative until "adopted by the Class A voters after being fully and fairly informed thereon."

The instant appeal is from the Judgment and Decree of the trial court filed March 23, 1962, pursuant to our direction and purporting to implement the opinion filed November 14, 1961.

The prior opinions are the law of the case and are conclusive insofar as these particular facts are concerned, and are controlling upon this appeal.

Appellants contend, however, the Judgment and Decree is erroneous in two particulars: (1) It does not conform to Iowa laws as to form and substance. (2) It does not conform to and is inconsistent with our opinion filed November 14, 1961.

The material portions of this Judgment and Decree of the trial court are as follows:

"DECREE. This Decree is made pursuant to Opinion of the Supreme Court of Iowa, entered in the case of Berger v. Amana Society and found at 250 Iowa commencing at page 1060, and pursuant to a second Opinion in the same case of Berger v. Amana Society entered by said Supreme Court on November 14, 1961, and found at 111 N.W.2d, page 753; said case having been heretofore submitted upon the facts presented and appeals having been taken heretofore prior to the entry of each of said Opinions.

"The Supreme Court, in the case of Berger v. Amana Society—decided November 14, 1961, and found in Volume 111 N.W. 2d at page 753, remanded the case for decree not inconsistent with said Opinion, and this Decree is entered pursuant to the direction of the Supreme Court that decree be entered herein as stated in the Opinion last cited.

"FINDINGS OF FACT. The Court finds the facts to be as the same have been heretofore found and established in the case of

Berger v. Amana Society, the Opinion of which is found in 250 Iowa, page 1060, and in the case of Berger v. Amana Society, the Opinion for which is found in 111 N.W.2d, page 753.

"The facts as established and documented in each of said Opinions are hereby referred to and included in these Findings of Fact by such reference.

"CONCLUSIONS OF LAW. The Court concludes that the Law as applied to the facts in this case is that Law documented and established in said first Opinion in the case of Berger v. Amana Society, 250 Iowa, page 1060, and said second Opinion in the case of Berger v. Amana Society, 111 N.W.2d, page 753. Through its Opinions in the two appeals aforesaid, the Supreme Court has made its findings of the facts upon the record presented and has applied the Law hereto.

"It has thereby not only established the General Law of Iowa as applied to the facts presented and found by the Supreme Court, but it has also established the Law of this case to this date insofar as said facts are concerned.

"The law as set forth in each of said Opinions is made a part hereof by this reference.

"JUDGMENT AND DECREE. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:

"1. That the purported Amendments to the Articles of Incorporation of Defendants Amana Society, referred to throughout the record of this case as the Amendments of December 12, 1955, be and the same are hereby held to be null, illegal and void, and of no force and effect. That said purported Amendments to said Articles of Incorporation are not only now null and void and of no force and effect but that the same have never had any force, effect or legality and that the same have at all times been illegal, null and void, the same never having been adopted as Amendments to said Articles of Incorporation.

"2. That all acts and things done pursuant to the purported authority vested by said Amendments be and the same are hereby held to be null and void and not binding upon the aforesaid Corporation.

"3. That the Defendants, jointly and severally, be, and they are hereby forever enjoined and restrained from issuing any of

the purported corporate capital stock for which capital stock provision is attempted to be made in said Amendments to Articles of Incorporation."

I. Appellants contend that the foregoing Judgment and Decree does not satisfy the requirements of rule 179, Iowa Rules of Civil Procedure, as to substance and form in that it fails to make findings of fact and separately state conclusions of law, except by reference to the prior Supreme Court opinions in this case. This is, of course, a true statement of the record, but we conclude that such form satisfied the requirements of rule 179, under these particular circumstances.

The first sentence of rule 179 states: "The court trying an issue of fact without a jury, whether by equitable or ordinary proceedings, shall find the facts in writing, separately stating its conclusions of law; and direct an appropriate judgment." This section is obviously directed to the findings and conclusions of the trial court to be made after a cause has been submitted to him for his independent judgment. One of the primary purposes of this section is to advise counsel and the appellate court of the basis of the trial court's decision in order that counsel may direct his attack upon specific adverse findings or rulings in the event of an appeal.

This reason for the rule does not exist in situations such as the instant case in which the Judgment and Decree was at our direction. The trial court could not properly exercise his independent judgment or make findings of fact or arrive at conclusions of law at variance with those expressed in our prior opinions. The law of the case had been established and no further appeal was possible. It would serve no useful purpose to require the trial court to set out verbatim the findings and conclusions contained in the opinions. An attempt to paraphrase or condense the statements in the opinion could lead to further confusion and result in more appeals of the kind herein involved.

We hold the Judgment and Decree of the trial court entered pursuant to our direction complied with rule 179, Iowa Rules of Civil Procedure, when it incorporated, by reference, the findings of fact and conclusions of law contained in our prior opinions which were the law of the case.

II. Appellants also contend that the Judgment and Decree of the trial court is inconsistent with our prior decisions which it seeks to implement.

 Appellants claim only the amendment to Article V of the Articles of Incorporation was considered on the prior appeals. This division of the amendment related to the reclassification of Class A stock, the issuance of Class B stock and the elimination of the right to redeem for cash and contained the provisions about which the disputes in previous cases were centered. Appellants claim amendments to the other articles were not involved and they should therefore be permitted to stand and that this was the intention of the Supreme Court in its decisions. In support of their position they refer to the court's use of the word "amendment" rather than "amendments". An examination of the minutes of the special meeting of December 12, 1955, discloses the proposed amendments to the Articles of Incorporation were all contained in one amendment which was submitted to the stockholders as one amendment and was voted upon as one amendment. The amendment submitted to the stockholders affected Article V hereinabove referred to; Article VII providing for officers and directors and the manner of their election; Article X providing for the adoption of By-laws by the Board of Directors; Article XI providing for stockholders meetings and the fiscal year; and Article XVI providing the manner of amending the Articles of Incorporation. Reference of this court to the amendment was to the entire amendment submitted to the stockholders which contained amendments to several Articles in the Articles of Incorporation as hereinabove set out.

It is not the duty nor right of this court to sift through the amendment which was adopted and give effect to portions thereof. The amendment was submitted as a whole and this court granted relief "by nullifying *the Amendment in toto* and thereby reserving the corporate control in hands of the Class A stockholders." Berger v. Amana Society, 253 Iowa 378, 388, 111 N.W. 2d 753, 758. In addition to this fact, the amendments were so interrelated as to make it impractical if not impossible to separate them. They all referred to Class B stock created in Article V which was held null and void. The other principal amend-

ment, Article VII, involving the officers and directors contained a provision that a director must own 25 shares of Class A stock. Under the articles before amendment no person could own more than one share of Class A stock. It would therefore be impossible to give the amendment to Article VII any force or effect whatsoever when Article V has been declared null and void, because no one could qualify as a director.

As further authority for their position appellants refer to the statement in the opinion in 253 Iowa 378, 381, 111 N.W.2d 753, 754, in which we state: "The Amendment making the changes, above stated, and others not material here, *was adopted* \* \* \*". Appellants construe the word "others" in the phrase "others not material here" as referring to other amendments, thus making the court's use of the term amendment apply to the amendment to Article V only. This quotation does not bear this interpretation. If "others" referred to other amendments, the subject of the sentence would be plural (amendment and others) and the verb would also have been plural (*were* adopted). The use of the singular verb makes it obvious that the word "others" referred to other "changes" contained in the amendment which *was adopted*. The quoted statement confirms the fact the court treated the entire amendment as a unit.

Appellant also claims, in view of the opinion in 250 Iowa 1060, 95 N.W.2d 909, 70 A. L. R.2d 830, the law of the case is the corporation may issue additional stock but that it may not impair the contract rights of the nonassenting stockholders to redeem their present shares at true value. This was the situation at the close of the interlocutory appeal on points of law. However the case was tried on its merits and the court in its opinion in 253 Iowa at page 387, 11 N.W.2d, page 757, found fraud and nullified the amendment in toto and held it to be inoperative "at least until such time as it may be adopted by the Class A voters after being fully and fairly informed thereon." As the amendment has been nullified, the provisions for Class B stock contained therein are also nullified and another amendment will have to be approved before additional stock may issue, subject of course to the law of the case as established in prior appeals.

Appellant complains particularly of the effect of the following paragraph.

"2. That all acts and things done pursuant to the purported authority vested by said amendments be and the same are hereby held to be null and void and not binding upon the aforesaid corporation."

Appellants are alarmed by the thought that the widespread business activities and the myriad transactions which took place between the meeting of December 12, 1955, and the entry of the decree on March 23, 1962, will all be null and void. Particular reference is made to sales, purchases, pay rolls and other financial transactions. The decree makes "all acts and things done pursuant to the purported authority vested by said amendments" null and void. The amendments of December 12, 1955, neither created nor took away the authority of the corporation to conduct its usual business activities. This authority was derived from the Articles of Incorporation and not from the purported amendments. Usual business transactions would therefore not be affected by this Judgment and Decree. Those transactions, however, which required action by the Board of Directors, illegally elected under the void amendment, involve issues which are not before us. The status of third parties who dealt with such board, the status of the corporation as a de facto corporation, the issues of estoppel and ratification and similar problems can be considered in the future, should such occasion arise. The same is true of other transactions taking place under authority vested by the amendment of December 12, 1955.

The Judgment and Decree entered by the district court pursuant to our direction is hereby approved and the district court is—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.