**MAQUOKETA COMMUNITY SCHOOL DISTRICT In the Counties of Jackson, Clinton and Dubuque, Iowa, Appellee,**

v.

**Mary Kathryn GEORGE and William C. George, Appellants.**

No. 54689.

Supreme Court of Iowa.

Jan. 14, 1972.

Benedict J. O'Meara, Elkader, and Robert C. Nelson, Cedar Rapids, for appellants.

Schoenthaler, Schoenthaler & Roberg, Maquoketa, for appellee.

BECKER, Justice.

Action for school tuition by plaintiff school district against defendant parents. Judgment was entered for plaintiff. Defendants appeal. Affirmed.

In 1967 the school district determined that defendants' four minor children were not actual residents of the district and were therefore not entitled to free education in the district schools. After a hearing on the matter this determination was formalized by board resolution. Defendants appealed to the Jackson County Superintendent of Schools. Hearing was held, both sides were represented by counsel, evidence was taken and preserved by shorthand reporter transcript, and on March 7, 1968, the school board decision was affirmed. This decision was appealed to the State Board of Public Instruction where it was again affirmed.

After determining the children were not actual residents of the school district, the board notified defendant parents. It also adopted a tuition fee schedule and notified defendants that if their children attended its schools they would be charged tuition accordingly. The children attended the schools, the parents refused to pay the tuition, and the board sued.

I. Defendants' appeal centers around the effect of the administrative determination that the children were nonresidents of the district and the refusal of the trial judge to consider the issue. The decision of the board was made in conformance with sections 282.1, 282.6 and 282.20, Code, 1966. Administrative appeal as heretofore outlined was taken to the State Board of Public Instruction in conformance with chapter 290, Code, 1966. The chapter pro-

vides in section 290.5, "The decision (of the State Board) when made shall be final."

■ In proper cases such decisions may be judicially reviewed by way of injunction proceedings, Board of Dir. of Ind. Sch. Dist. of Waterloo v. Green, 259 Iowa 1260, 147 N.W.2d 854 (1967) or certiorari, Porter v. Iowa State Board of Public Instn., 259 Iowa 571, 575, 576, 144 N.W.2d 920 (1966). Although an appeal from the State Board of Public Instruction will not lie, Novak v. Oneida Twp. Sch. Bd., 250 Iowa 668, 670, 95 N.W.2d 291, 292 (1959); Bezanson, Judicial Review of Administrative Action in Iowa, 21 Drake L.Rev. 1, 25, 26 (1971), the action of the board is subject to judicial review under the principles recognized in the foregoing cases. Therefore there is no question here of unconstitutionality for failure to afford a due process legal review of a judicial decision made by an administrative body. See discussions in 4 Davis, Administrative Law (1958), §§ 28.18, 28.19; Berger, Administrative Arbitrariness—A Reply to Professor Davis, 114 U.Pa.L.Rev. 783, 785–786 (1966); Berger, Administrative Arbitrariness and Judicial Review, 65 Col.L.Rev. 55 (1965); Jaffe, Judicial Control of Administrative Action (1965), pp. 376–394; Griffith v. Cole Bros., 183 Iowa 415, 418–424, 165 N.W. 577 (1918); K & L Distributors, Inc. v. Murkowski, 486 P.2d 351, 354–358 (Alaska 1971); Baltimore Import Car Serv. & Storage, Inc. v. Maryland Port Authority, 258 Md. 335, 265 A.2d 866, 869–870 (1970).

■ II. The State Board's decision could not be directly attacked by appeal and was not directly attacked by certiorari or other special action. The trial court held the board's ruling to be res judicata and binding on the parties to this action. It was not subject to collateral attack.[1]

---

1. For a definition of the terms collateral attack and direct attack as used here see Peterson v. Eitzen, 173 N.W.2d 848, 850 (1970). The use of the terms is somewhat different than that employed in Bezanson's Drake Law Review article cited supra.

We agree.

In United States v. Utah Constr. & Min. Co., 384 U.S. 394, 421–422, 86 S.Ct. 1545, 1559–1560, 16 L.Ed.2d 642, 660–661 (1966), the court said:

" * * * Occasionally courts have used language to the effect that res judicata principles do not apply to administrative proceedings, but such language is certainly too broad. When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose. * * *."

Our Iowa decisions are in accord. Park v. Independent School Dist. of Pleasant Grove, 65 Iowa 209, 21 N.W. 567 (1884); Courtright v. Consolidated Ind. Sch. Dist., 203 Iowa 26, 212 N.W. 368 (1927). Of course it follows that since the administrative ruling was res judicata on the issue of nonresidency the court properly excluded any evidence tending to reopen that issue.

III. Defendants point to the prohibition in section 290.6, Code, 1966, against the State Board entering a money judgment. The short answer is that no money judgment was entered. The nonresidency of the children was determined. Money judgment was entered in this case, but only after showing the tuition charges were determined as provided by law, the children actually attended the school, and other such essential elements of the cause of action. Nonresidency of the children was also an essential element which had been determined by the administrative action. Section 290.6 was not violated.

Defendants' assignments of error are without merit.

Affirmed.

All Justices concur, except HARRIS, J., who takes no part.