**Joe Edward NUZUM, Jr., Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 63146.**

Supreme Court of Iowa.

Jan. 14, 1981.

Rehearing Denied March 12, 1981.

John W. Logan, Burlington, for appellant.

Thomas J. Miller, Atty. Gen., Kathy Krewer, Richard Cleland, and Mark Schuling, Asst. Attys. Gen., and David E. Richter, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE and McGIVERIN, JJ.

McGIVERIN, Justice.

Joe Edward Nuzum, Jr., appeals from summary judgment dismissing his application for postconviction relief. Because we conclude Nuzum's notice of appeal was not timely filed, we dismiss the appeal.

Nuzum's convictions arose from a robbery and murder at Lucey's Jewelry Store in Council Bluffs. The circumstances surrounding the crimes are outlined in our cases upholding convictions of Nuzum's co-defendants. *State v. Fuhrmann*, 261 N.W.2d 475 (Iowa 1978); *State v. Fuhrmann*, 257 N.W.2d 619 (Iowa 1977). At his trial Nuzum contended that he was not in the city at the time of the crimes. He was convicted of second-degree murder, attempted murder and robbery with aggravation. The convictions were affirmed by the court of appeals. *State v. Nuzum*, 261 N.W.2d 528 (Iowa Ct.App.1977).

On November 17, 1977, Nuzum filed his application for postconviction relief claiming there was newly discovered evidence. § 663A.2(4), The Code 1977. The evidence, an affidavit from codefendant Joachim Fuhrmann, stated that Nuzum was present at the jewelry store, but he was forced by Fuhrmann to commit the crimes. Nuzum claimed that this evidence was not available to him earlier because he thought Fuhrmann would not testify at Nuzum's trial. It was only after Fuhrmann's conviction was affirmed that he was willing to present evidence on Nuzum's involvement in the crimes.

After answering, the State filed a motion for summary judgment. Rules and

statutes governing the conduct of civil proceedings are applicable to postconviction proceedings. § 663A.7. Nuzum resisted the motion in writing and filed an affidavit from his trial counsel about the previous unavailability of Fuhrmann as a witness. Both sides filed briefs. The motion was submitted to the court on the day set for hearing, May 16, 1978. No oral argument was heard, however, because the court had been unable to previously review the case and oral argument would therefore not have been helpful. Nuzum's counsel requested that the court notify him of the court's intention to grant the State's motion for summary judgment so that oral argument could be made on behalf of Nuzum.

On July 6, 1978, the court, without either notifying Nuzum of its intent to dismiss or hearing oral argument on the State's motion for summary judgment, dismissed Nuzum's application. On July 18, twelve days after the dismissal, Nuzum filed a "motion to vacate and reconsider." He contended that the dismissal violated section 663A.6 because the court failed to either notify Nuzum of its intention to dismiss the application or hear oral argument on the State's motion for summary judgment. Nuzum also claimed that the court erred in concluding that Fuhrmann's affidavit was not newly discovered evidence.

The court ruled on August 28 that the July 6 dismissal should not be vacated, but that the matter should be reconsidered. A hearing on the motion to reconsider was held on January 12, 1979. The court overruled the motion to reconsider on January 19, and affirmed the July 6, 1978, summary judgment dismissing Nuzum's application. Nuzum filed a notice of appeal on February 13, 1979.

█ If this court does not have subject matter jurisdiction over an appeal, it must be dismissed on our own motion. *Decatur-Moline Corp. v. Blink*, 283 N.W.2d 347 (Iowa 1979). We conclude that we do not have jurisdiction to consider the merits of Nuzum's appeal because his notice of appeal was not timely filed.

I. *Final judgment.* The State contends that the July 6, 1978, grant of summary judgment dismissing Nuzum's application was a final judgment from which Nuzum must timely appeal. Nuzum says that the July 6 grant of summary judgment was not a final judgment because the court failed to notify him of its intention to dismiss or hold a hearing on the motion for summary judgment as required by section 663A.6. *Hines v. State*, 288 N.W.2d 344 (Iowa 1980); *Hauser v. State*, 244 N.W.2d 807 (Iowa 1976); *Chartier v. State*, 223 N.W.2d 255 (Iowa 1974); *State v. Mulqueen*, 188 N.W.2d 360 (Iowa 1971). In granting the summary judgment, the court apparently inadvertently failed to notify Nuzum of the proposed dismissal. There had been no previous oral argument on the State's motion for summary judgment because on the date for submitting the motion, May 16, 1978, the court was not in a position to hear oral argument.

█ A judgment is final if it "finally adjudicates the rights of the parties." *Mid-Continent Refrigerator Co. v. Harris*, 248 N.W.2d 145, 146 (Iowa 1976); Iowa R.Civ.P. 219. "[A] summary judgment dispositive of the entire case is a final adjudication from which appeal may be taken." *Id.* In Nuzum's case, the court dismissed his application by granting the State's motion for summary judgment. The dismissal finally adjudicated the case. Even if the trial court failed to follow the proper procedure in summarily disposing of the application, it was still a final order from which timely appeal had to be taken.

II. *Timeliness of appeal.* Under section 663A.9, Nuzum had sixty days to appeal the July 6, 1978, dismissal of his application. His notice of appeal was filed on February 13, 1979. The question, therefore, is whether Nuzum's July 18 "motion to vacate and reconsider" tolled the sixty-day period to appeal.

Nuzum's July 18 motion following the dismissal of his application was entitled "motion to vacate and reconsider." He wanted to inform the court that the proper procedures for summary dismissal were not

followed and that the court erred in concluding that the application should be dismissed.

 Our rules provide for a petition to vacate a judgment on certain grounds. Iowa R.Civ.P. 252. It requires service of an original notice. Iowa R.Civ.P. 253(b); *Lamp v. Guth*, 183 N.W.2d 674, 678 (Iowa 1971). Nuzum did not allege any of the grounds set out in rule 252 or serve original notice on the State. Therefore, his "motion to vacate" cannot be considered a petition to vacate under rule 252.

Our cases have recognized a motion to vacate a judgment that was void because the court lacked jurisdiction. *Rosenberg v. Jackson*, 247 N.W.2d 216, 218 (Iowa 1976); *Miller v. Farmers Cooperative Co.*, 176 N.W.2d 832, 834 (Iowa 1970). Nuzum does not claim that the court lacked jurisdiction to grant summary judgment. While he labeled his motion a "motion to vacate," we conclude that it was actually a motion under Iowa R.Civ.P. 179(b) to reconsider and modify or change the judgment dismissing his application. *See McVay v. Kenneth E. Montz Implement Co.*, 287 N.W.2d 149, 151 (Iowa 1980); *Sykes v. Iowa Power & Light Co.*, 263 N.W.2d 551, 553 (Iowa 1978). We look to the substance of the motion and not its name. *Kagin's Numismatic Auctions v. Criswell*, 284 N.W.2d 224, 226 (Iowa 1979).

It is questionable whether a rule 179(b) motion was a proper method for attacking the grant of summary judgment. Subsequent to the filing of Nuzum's motion, we decided that a motion under rule 179(b) was inappropriate after summary judgment. *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d 637, 641 (Iowa 1978). By amendment to Iowa R.Civ.P. 237(c), the *Eldridge* case result was changed and now a rule 179(b) motion is allowed after summary judgment disposes of an entire case. 1980 Session, 68th G.A., ch. 1207. This amendment was effective July 1, 1980. 1979 Session, 68th G.A., ch. 143. It is unnecessary for us to decide whether a motion under rule 179(b) was appropriate in Nuzum's case. Even if it were appropriate, it was not timely and therefore did not toll the period for taking an appeal.

 A motion to reconsider a judgment under rule 179(b) must be filed within ten days after the decision is filed. Iowa R.Civ.P. 179(b), 247; *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 469 (Iowa 1978). Nuzum's rule 179(b) motion to reconsider was not filed within ten days after the July 6 dismissal of his application. An untimely rule 179(b) motion does not toll the period for filing an appeal. *Qualley*, 261 N.W.2d at 471. This is true regardless of the fact that section 663A.9 allows sixty days for filing a notice of appeal rather than the usual thirty-day period in Iowa R.App.P. 5(a).

We are without jurisdiction to consider the merits raised in Nuzum's appeal. The appeal is dismissed.

APPEAL DISMISSED.