■ In the Matter of the Claim of HELEN BARTON, Respondent. NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 27, 1979, which found claimant eligible for benefits. Claimant, a stenographer hired by the New York City Human Resources Administration, was served with a notice and statement of charges pursuant to section 75 of the Civil Service Law. After a hearing, at which she was represented by counsel, the hearing officer determined that the charges of misconduct and incompetence had been established and recommended dismissal. After being dismissed, claimant appealed to the Civil Service Commission. The hearing officer's determination was affirmed. Claimant then applied for unemployment benefits and suc-

ceeded, after her application to reopen a prior decision denying benefits was granted, in persuading an Administrative Law Judge that her misconduct, if any, did not rise to the level of disqualifying misconduct within the meaning of subdivision 3 of section 593 of the Labor Law. The board affirmed, and this appeal by the employer ensued after the board denied an application to reopen. The employer argues (1) that the board's determination was erroneous as a matter of law since, under the principles of *res judicata,* it was bound by the factual findings of the Civil Service Commission, and (2) that even if *res judicata* is not applicable, reversal is still required because of a lack of substantial evidence to support the board's determination. While we agree that *res judicata* principles should be attributed to decisions of the Civil Service Commission, we cannot concur in the view that they are applicable here. The charges against claimant in the section 75 notice specified that she was incompetent and that her "conduct and work performance had been improper and objectionable". Further, the hearing officer's decision stated "[claimant's] demonstrated inability to perform adequately on the job and her refusals to accede to reasonable Agency injunctions to keep appointments made for her with a medical doctor, to determine her job fitness show clearly that [claimant] is not an asset to the Agency and it is recommended that she be dismissed". Nowhere, either in the specifications of charges or in the hearing officer's decision, is there a charge or finding that claimant was insubordinate, which charge, if leveled and found, would imply the requisite intentional and willful misconduct necessary to disqualify a claimant pursuant to subdivision 3 of section 593 of the Labor Law. Thus, since the Civil Service Commission did not make a finding of willful or intentional misconduct, the board was not precluded under principles of *res judicata* from inquiring further into the matter (cf. *Matter of Hulse [Levine],* 41 NY2d 813). Nevertheless, we conclude that the board's determination is not supported by substantial evidence in the record and, accordingly, must be reversed. It is clear that the Human Resources Administration had a statutory right to require claimant to undergo a medical examination to determine her fitness to discharge the duties of her position (Civil Service Law, § 72), and claimant's continued insistence that she could not be compelled to submit to such an examination did not establish a factual predicate to support the referee's conclusion, affirmed by the board, that claimant "was not in control of her actions". The referee's subjective observations might be relevant on the issue of claimant's credibility as a witness, but such observations are irrelevant in the absence of any testimony in the record supportive of claimant's contention that she had a right to refuse lawful requests without jeopardizing her employment. Therefore, in the absence of any proof upon which an objective finding of an absence of misconduct can be based, we conclude that the determination is not supported by substantial evidence. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P.J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.