**James Preston STARLING, Petitioner-Appellant,**

v.

**STATE of Iowa, Respondent-Appellee.**

**No. 2–65921.**

Court of Appeals of Iowa.

Sept. 21, 1982.

Scott D. Rosenberg, Asst. Appellate Defender, Des Moines, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Mary Jane Blink, Asst. Atty. Gen., for respondent-appellee.

DONIELSON, Judge.

Petitioner, James Preston Starling, appeals the denial of his amended application seeking postconviction relief from his 1979 conviction of first degree robbery in violation of Iowa Code §§ 711.1–.2 (Supp.1977). On appeal petitioner asserts: (1) that the postconviction court failed to make sufficiently specific findings of fact and state expressly its conclusions of law, relating to each issue presented; and (2) that there was insufficient evidence at trial to support either the conviction of first degree robbery or the finding that he was in immediate possession and control of a firearm, displayed a firearm, or was armed with a firearm during commission of the crime. We affirm.

Postconviction relief actions under Iowa Code Chapter 663A are law actions

triable to the court and ordinarily are reviewed only on error. *Hahn v. State,* 306 N.W.2d 764, 768 (Iowa 1981). However, when there is an alleged violation of a constitutional safeguard, this court will make an independent evaluation of the totality of circumstances under which the postconviction ruling was made. *Stanford v. Iowa State Reformatory,* 279 N.W.2d 28, 31 (Iowa 1979). The burden of proof in a postconviction action is on the petitioner to establish the facts asserted by a preponderance of the evidence. *Watts v. State,* 257 N.W.2d 70, 71 (Iowa 1977); *see also Thomas v. State,* 316 N.W.2d 182, 183 (Iowa App. 1982).

## I.

In June 1978, petitioner and two co-defendants were charged by indictment with first degree robbery in violation of Iowa Code §§ 711.1–.2 (Supp.1977). The indictment was amended in October to include the language "or did aid and abet in the commission of" robbery in the first degree. The petitioner was tried separately from his co-defendants but it resulted in a mistrial. The new trial commenced in February of 1979.

At trial an attendant from the gas station which was robbed testified concerning the circumstances of the robbery. He claimed that two men approached the gas station and one entered, exhibiting a shotgun. He also testified that, shortly after he had been robbed, he observed a gray Cadillac with a heart-shaped back window leave the station area.

Another witness, who lives near the gas station, testified that he saw three men get out of a similar gray Cadillac shortly before the time of the robbery and that two of the men ran in the direction of the station. They were carrying what the witness thought might be shotguns wrapped in coats. The third man picked up the first two men shortly thereafter in the same car. The car was driven a short distance and then parked. A short time later the police approached the parked vehicle and apprehended petitioner and the two co-defendants. Shotguns and the stolen items were found in the car.

The jury found that petitioner was guilty of first degree robbery and that a firearm had been used in commission of the crime. Petitioner appealed his conviction and his trial counsel was appointed to represent him. Seven months later the appeal was dismissed as frivolous pursuant to Iowa Rule of Appellate Procedure 104, despite petitioner's resistance to the dismissal.

In April 1980, petitioner filed a *pro se* application for postconviction relief. In his *pro se* application, he raised issues regarding sufficiency of the evidence to support the jury's findings, ineffective assistance of counsel, search and seizure, *Miranda* protections, out of court identification procedure, constitutionality of the five-year mandatory minimum sentence for use of a firearm, and the denial of his right to appeal under Iowa Rule of Appellate Procedure 104. Petitioner also requested that "an attorney be appointed posthaste to redraft the petition prior to the State's answer . . . ."

In June 1980, petitioner's appointed counsel filed an amended application for postconviction relief. The assertions made in the amended petition were (1) that petitioner was denied his right to appeal by the court's utilization of the procedures of Iowa Rule of Appellate Procedure 104; (2) that he received ineffective assistance of trial counsel due to the failure of counsel to cross-examine one witness regarding his ability to see and identify persons and guns under the conditions existing at the time his observations were made, and failure to object to this witness's repeated reference to guns when he had previously stated that he could not clearly identify those objects as guns; and (3) that there was insufficient evidence to support giving the firearm instruction.

A postconviction hearing was held at which petitioner and his trial counsel testified. The postconviction court denied relief, specifically ruling that petitioner failed to prove ineffectiveness of counsel; that he was not denied appellate review by the procedures of rule 104; and further that

"[e]very contention made by petitioner for postconviction relief has been considered and found to be without merit." Petitioner did not file a motion to amend and enlarge the findings as provided in Iowa Rule of Civil Procedure 179(b), but did file an untimely motion for new trial, which was denied. He then instituted this appeal from the denial of his amended application for postconviction relief.

## II.

 Petitioner's first contention is that the court erred by failing to make specific findings of fact and to state expressly its conclusions of law relating to each issue presented in his postconviction action. Initially, we note that petitioner's complaint that the court did not make findings regarding claims of "insufficient evidence, illegal search and seizure, violation of *Miranda* rights, and improper identification procedure" is without merit. These allegations were made in defendant's initial *pro se* application. In that application, he also requested that appointed counsel "redraft" the application. The application was redrafted and labeled an "amended application for postconviction relief." It did not refer to or incorporate petitioner's *pro se* application, but recast three of his grounds for relief. We find this amended pleading was complete in itself and supersedes the *pro se* application. *See* 61A Am.Jur.2d *Pleading* § 335 (1981). The character of a pleading is to be determined by its allegations and legal effect, not from the designation given it. *Rouse v. Rouse,* 174 N.W.2d 660, 665 (Iowa 1970). Accordingly, we consider only those claims raised by petitioner's application filed June 30, 1980—ineffective assistance of counsel, denial of his right to appeal, and insufficiency of the evidence.

The State's response to petitioner's challenge is twofold. First, the State asserts that petitioner did not properly preserve the issue for review and that, even if preserved, the court's findings and conclusions were in compliance with Iowa Code § 663A.7 (1979). We find both arguments to be meritorious.

The Iowa Supreme Court in *Nuzum v. State,* 300 N.W.2d 131, 132–33 (Iowa 1981), stated that the "[r]ules and statutes governing the conduct of civil proceedings are applicable to postconviction proceedings." In *Nuzum,* the petitioner appealed the summary judgment dismissing his application for postconviction relief. The court held his appeal was untimely since his rule 252 motion was essentially a motion to reconsider the judgment under Iowa Rule of Civil Procedure 179(b) and was not filed within ten days after the summary judgment decision was filed. *Id.* at 134.

Rule 179(b) states that:

(b) On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted. But a party, on appeal, may challenge the sufficiency of the evidence to sustain any finding without having objected to it by such motion or otherwise.

In *Arnold v. Lang,* 259 N.W.2d 749, 753 (Iowa 1977), the court recited, as an established principle of law, that "a rule 179(b) motion is essential to the preservation of error when a trial court fails to resolve an issue, claim, defense or legal theory properly submitted for adjudication." Recently, the court cited *Arnold* with approval and specifically held that the rule was to be applied with equal force to both findings of fact and conclusions of law. *Suckow v. Boone State Bank and Trust Co.,* 314 N.W.2d 421, 424 (Iowa 1982).

 Whether a rule 179(b) motion is necessary to preserve error on a claim that the postconviction court failed to make sufficiently specific findings and conclusions on each claim is an issue which has never been specifically addressed by the Iowa Supreme Court. We believe, however, that under the cases and principles cited above, this conclusion is implicitly mandated. In addition, we believe that the purpose of rule 179(b): "to advise counsel and the appellate court of the basis of the trial court's decision in order that counsel may direct his

attack upon specific adverse findings or rulings in the event of an appeal," *Berger v. Amana Society,* 254 Iowa 1036, 1040, 120 N.W.2d 465, 467 (1963), would best facilitate the disposition of postconviction actions in a manner which ensures fairness to the petitioner. We therefore hold that a party must move under rule 179(b) to enlarge the findings and conclusions of the court in its postconviction proceeding in order to preserve error on its claim that the court failed to make such findings and conclusions sufficiently specific. Since petitioner in the instant case failed to do so, we find that he has failed to preserve error on this issue.

Nevertheless, since rule 179(b) provides that the appellant may challenge the sufficiency of the evidence to sustain any finding, we consider whether there was sufficient evidence in the record to support the finding that petitioner did commit the robbery with use of a firearm. This is petitioner's second contention on appeal.

■ Before leaving petitioner's first contention, however, we note that, even if petitioner had preserved error, the court substantially complied with the requirements of Iowa Code § 663A.7 (1979) in setting forth its findings and conclusions regarding petitioner's claims of ineffectiveness of counsel and denial of the right to appeal. It is now well established that substantial compliance satisfies the requirements of section 663A.7. *Rheuport v. State,* 238 N.W.2d 770, 777 (Iowa 1976). The trial court is not required to make specific findings of fact where there are no facts in dispute. *Id.* Here, the postconviction court made specific findings as to counsel's preparation, discovery, and overall trial strategy. The correct and appropriate legal standards were set forth and conclusions specifically stated for both issues. We believe this constituted substantial compliance under section 663A.7. We now proceed to consider petitioner's sufficiency of the evidence claim.

### III.

■ At the close of the State's evidence during trial, petitioner moved for a directed verdict of acquittal on the ground that there was insufficient evidence to support a guilty verdict. On this same ground he now appeals the denial of his motion as well as the finding that he committed the robbery with use of a firearm.

In *State v. Aldape,* 307 N.W.2d 32, 39 (Iowa 1981), the court articulated the standard of review governing this type of challenge as follows:

In reviewing a motion for a directed verdict based upon insufficiency of the evidence in a criminal case, we view the evidence in a light most favorable to the State. All of the evidence must be considered, *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980), and all legitimate inferences that may be deducted therefrom will be accepted. *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981). A trial court's refusal to direct a verdict for a defendant will withstand challenge if there is any substantial evidence in the record tending to support the charge. *State v. York,* 256 N.W.2d 922, 927 (Iowa 1977). Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *State v. Robinson,* 288 N.W.2d at 339.

While there was no eyewitness identification of petitioner as one of the robbers, we find there was substantial evidence from which a rational factfinder could conclude that he participated in the robbery. Both the victim-attendant and a man living close to the gas station testified as to the circumstances of the robbery. Two men were seen getting out of a car and walking toward the station carrying what was believed to be a gun. They were later seen running back to the car, entering the car, and driving a short distance down the road where they parked. Police arrived on the scene and ordered the men out of the car, whereupon the shotgun and the stolen materials were discovered and the men arrested.

We believe this is substantial evidence from which a rational factfinder could conclude that petitioner participated in the

robbery. We further believe that this evidence supports the jury's finding that petitioner himself was in possession of a firearm while participating in the robbery. Accordingly, we find petitioner's motion for directed verdict was properly denied and the issue of whether petitioner committed the robbery while in possession of a firearm properly submitted to the jury.

The petitioner has not met his burden in this postconviction action and, therefore, we affirm the decision denying him relief.

AFFIRMED.