In re the Matter of the Termination
of David E. KJOS.

David E. KJOS, Appellant,
Cross-Appellee,

v.

CITY OF SIOUX CITY and Civil Service Commission of Sioux City, Iowa, Appellees, Cross-Appellants.

No. 68933.

Supreme Court of Iowa.

March 14, 1984.

Patrick J. Birmingham of Birmingham & Scholer, Bloomfield, Neb., for appellant, cross-appellee.

Patrick J. Nugent, City Atty., Bryan J. Arneson and M. James Daley, Asst. City Attys., for appellees, cross-appellants.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN and SCHULTZ, JJ.

McCORMICK, Justice.

We must here determine whether an adjudication of misconduct by Iowa Department of Job Service will preclude an appeal from a civil service commission adjudication upholding a discharge for misconduct. The district court entered summary judgment for respondents City of Sioux City and Civil Service Commission of Sioux City on the ground that petitioner David E. Kjos was precluded from challenging his discharge for misconduct by an earlier job service adjudication denying him unemployment compensation for misconduct. Petitioner appealed. Respondents cross-appealed, attacking the district court's order overruling their motion to dismiss the petition for judicial review. We reverse and remand on the appeal and affirm on the cross-appeal.

Kjos was a Sioux City policeman. Following an off-duty altercation at a Sergeant Bluff motel, he was discharged for misconduct by the Sioux City police chief on June 2, 1981. Because the merits of the discharge are not before us, the details of the alleged misconduct are not relevant to the appeal or cross-appeal.

The procedural history of the case is relevant. Kjos appealed his discharge to the civil service commission and separately filed a claim with job service for unemployment benefits. The civil service commission hearing was held August 7, 1981, and the commission decision upholding the discharge was filed September 8, 1981. Kjos immediately filed a notice of appeal to district court. In the meantime the unemployment compensation claim was initially allowed by a claims deputy. Upon appeal by the City, a hearing was held before a hearing officer on August 4, 1981. The officer's decision denying benefits was filed August 17, 1981. Upon Kjos' appeal, the job service appeal board upheld the decision in a ruling filed December 31, 1981. Kjos did not seek judicial review of that ruling.

The City moved to dismiss Kjos' appeal from the civil service commission decision on the ground of his alleged failure to comply with Iowa Rule of Civil Procedure 368. This motion was overruled by the district court in April 1982. In their subsequent answer, as amended, respondents averred that Kjos was precluded by the job service decision from relitigating the issue of his discharge for misconduct. Respondents then moved for summary judgment on that ground, and the motion was sustained. This appeal followed. Respondents' cross-appeal is from the ruling on their motion to dismiss.

I. *The cross-appeal.* In contending the district court erred in overruling their motion to dismiss, respondents rely on the fact Kjos filed his petition appealing from the civil service commission decision on the law docket rather than the equity docket. Before overruling the motion to dismiss, the court sustained Kjos' motion to transfer the case to the equity docket. Respondents argue, however, that this was too late because the petition was not filed on the right docket within ten days of the taking of the appeal.

Respondents extrapolate the ten-day requirement from rule of civil procedure 368 which provides a means for formulating issues in certain appeals from administrative action. Rule 368 does not apply if pleadings on appeal are provided for by statute or if issues are formulated at the administrative level and carried over into the appeal. *See* committee comment to Iowa R.Civ.P. 368. Issues are formulated in civil service cases pursuant to Iowa

Code section 400.22 (1983) and are carried into district court by de novo review provided for in section 400.27. *See Sieg v. Civil Service Commission of the City of West Des Moines*, 342 N.W.2d 824, 828 (1983). Therefore rule 368 has no application in this case.

■ More important is the fact that an erroneous designation of a petition has never been jurisdictional in this state and has always been subject to corrective amendment. *See Conyngham v. Smith*, 16 Iowa 471, 473 (1864). The practice of some district court clerks of maintaining separate law and equity dockets does not affect this principle.

■ We hold that the district court's jurisdiction of Kjos' civil service appeal was not affected by his designation of the action as at law rather than in equity. The district court was correct in overruling respondents' motion to dismiss. Thus we find no merit in their cross-appeal.

II. *The appeal.* Summary judgment was granted to respondents on the ground that Kjos was precluded from challenging his discharge for misconduct by the job service adjudication denying him benefits because of misconduct. The job service adjudication became final when Kjos did not petition for judicial review within 30 days of the appeal board decision. § 17A.19(3). Kjos contends the district court erred in holding that he was barred by the job service adjudication from pursuing his civil service remedy.

■ This problem involves the doctrine of issue preclusion. That doctrine prevents a party to a prior action from relitigating in a subsequent action an issue raised and resolved in the prior action. *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981). This court has previously recognized that administrative agency decisions may be given preclusive effect in certain circumstances. *See, e.g., Maquoketa Community School District v. George*, 193 N.W.2d 519, 520–21 (Iowa 1972). Job service decisions were given preclusive effect in a subsequent court action in *Toomer v. Iowa Department of Job Service*, 340 N.W.2d 594, 598 (Iowa 1983).

■ Applicability of res judicata principles either of issue or claim preclusion to agency determinations is, however, not without exception. Two exceptions delineated in Restatement (Second) of Judgments section 83 (1982) are pertinent here. They are:

(3) An adjudicative determination of a claim by an administrative tribunal does not preclude relitigation in another tribunal of the same or a related claim based on the same transaction if the scheme of remedies permits assertion of the second claim notwithstanding the adjudication of the first claim.

(4) An adjudicative determination of an issue by an administrative tribunal does not preclude relitigation of that issue in another tribunal if according preclusive effect to determination of the issue would be incompatible with a legislative policy that:

. . . .

(b) The tribunal in which the issue subsequently arises be free to make an independent determination of the issue in question.

The present controversy involves two independent state administrative tribunals which may operate simultaneously in adjudicating different claims based on the same facts.

■ Code chapter 400 provides the mechanism for Kjos to challenge his discharge. He could be discharged if he was guilty of misconduct "detrimental to the public service." *Sieg*, 342 N.W.2d at 828. He had the right to appeal his discharge to the civil service commission. § 400.20. The commission had the responsibility to hear and determine the case, including the right to affirm, modify or reverse. § 400.27. Upon an adverse decision by the commission, Kjos had a right to appeal to the district court where the case would be tried de novo as an equitable action both as to the alleged misconduct and penalty. *Id.; Sieg*, 342 N.W.2d at 826. In the event of

an adverse district court decision, Kjos could then appeal to this court where review would be de novo. *Id.*

■ At the same time, Kjos had a right under Code chapter 96 to apply for unemployment compensation. A job service representative had initial responsibility to determine the validity of his claim. § 96.6(2). Upon appeal from that determination, a hearing officer had the responsibility, after hearing, to affirm or modify the findings of fact and decision of the representative. § 96.6(3). The appeal board had authority to review and affirm or change the hearing officer's decision. § 96.3(5). Upon an adverse decision by the appeal board, Kjos had the right to obtain judicial review pursuant to section 17A.19 of the administrative procedure act. District court review of a job service decision is not de novo and is limited to the grounds specified in section 17A.19(8). *See Green v. Iowa Department of Job Service,* 299 N.W.2d 651, 655 (Iowa 1980). That the discharge was for misconduct affects a claimant's entitlement to benefits. § 96.-5(2)(a). Misconduct, as the term is employed in section 96.5(2)(a), is defined by job service regulation. 370 Iowa Admin. Code § 4.32(1); *see Huntoon v. Iowa Department of Job Service,* 275 N.W.2d 445, 447–48 (Iowa), *cert. denied,* 444 U.S. 852, 100 S.Ct. 105, 62 L.Ed.2d 68 (1979). The misconduct standards under chapters 96 and 400 are thus substantively distinct. We have no occasion in this case to determine the extent to which they may overlap. It is sufficient to note the standards are different and neither is totally subsumed in the other.

■ We find that by establishing one administrative remedy for challenging the discharge and a separate remedy for seeking unemployment compensation the legislature has provided a scheme of remedies in which an adjudication of one claim will not bar the other. This case thus falls within the common scheme of remedies exception in Restatement (Second) of Judgments § 83(3). A similar conclusion was reached by the court in *Tipler v. E.I. du-*

*Pont deNemours and Co.,* 443 F.2d 125 (6th Cir.1971), where two independent federal administrative remedies were involved. A discharged employee challenged his firing in a National Labor Relations Board proceeding and in a civil rights case. A decision by the NLRB that the employee was discharged for cause was held not to preclude his civil rights action alleging that his discharge was racially motivated. The court said:

> Absent a special consideration, a determination arising solely under one statute should not automatically be binding when a similar question arises under another statute. [citations] This is because the purposes, requirements, perspective and configuration of different statutes ordinarily vary. This case provides an excellent example of the differences in the two statutes. Racial discrimination in employment violates Section 8(a)(1) of the National Labor Relations Act if the discrimination is unjustified and interferes with the affected employees' right to act concertedly for their own aid or protection. [citation] In contrast, racial discrimination in employment is prohibited by Title VII without reference to the effect on the employees' right to unite. Hence, certain discriminatory practices that are valid under the National Labor Relations Act may be invalid under Title VII.

*Id.* at 128–29. The same reasoning is applicable here. Not all misconduct within the meaning of job service's regulation will necessarily be misconduct detrimental to the public service requiring discharge of the employee for purposes of the civil service statute.

■ Moreover, the provision in section 400.27 for de novo review of civil service commission decisions in district court evinces a legislative policy that the commission and court be free to make an independent determination of the issue in question. *See NLRB v. Denver Building & Construction Trades Council,* 341 U.S. 675, 681–83, 71 S.Ct. 943, 948, 95 L.Ed. 1284, 1292 (1951); *American Heritage Life Insurance*

Co. v. Heritage Life Insurance Co., 494 F.2d 3, 9–10 (5th Cir.1974); *Vargas v. Municipal Court for Riverside Judicial District*, 22 Cal.3d 902, 916, 587 P.2d 714, 723, 150 Cal.Rptr. 918, 927 (1978). The case thus also comes within the legislative policy exception in Restatement (Second) of Judgments § 83(4)(b).

We hold that these exceptions make issue preclusion unavailable in the present case. We pass the question of whether the elements for its application are otherwise present.

Cases from the jurisdictions relied on by respondents for a contrary result are distinguishable. We need not decide whether we would otherwise be persuaded by them. Cases like *Gear v. City of Des Moines*, 514 F.Supp. 1218 (S.D.Iowa 1981), do not involve a common scheme of remedies. Others, like *McCulloch Interstate Gas Corp. v. Federal Power Commission*, 536 F.2d 910 (10th Cir.1976), involve raising the same issue before the same agency a second time. This case is also unlike *City of Hackensack v. Winner*, 82 N.J. 1, 410 A.2d 1146 (1980), where the state agencies had joint jurisdiction of the same issue. To the extent such cases as *City of Bartow v. Public Employees Relations Commission*, 382 So.2d 311 (Fla.Dist.Ct.App.1979), and *In re Claim of Barton*, 81 A.D.2d 691, 438 N.Y.S.2d 635 (1981), support respondents' position, they do not follow the Restatement provisions, and we decline to follow those cases.

We hold that petitioner was entitled to pursue his civil service appeal without regard to the disposition of his unemployment compensation claim. The trial court erred in entering summary judgment for respondents. Therefore we reverse and remand on the appeal.

REVERSED AND REMANDED ON THE APPEAL; AFFIRMED ON THE CROSS–APPEAL.