CITY OF FORT DODGE,
Plaintiff–Appellant,

v.

The CIVIL SERVICE COMMISSION OF
THE CITY OF FORT DODGE, a Municipal Administrative Agency, and Christopher T. Husske, Defendants–Appellees.

No. 95–0870.

Court of Appeals of Iowa.

Jan. 29, 1997.

Maurice C. Brien, Fort Dodge, for appellant.

Monty Fisher, Fort Dodge, for appellees.

Heard by SACKETT, P.J., and HUITINK and STREIT, JJ.

HUITINK, Judge.

The City of Fort Dodge appeals from the district court's decision in a civil service appeal suspending police officer Christopher Husske for sixty days. The City claims Husske's history of progressive disciplinary suspensions necessitates Husske's termination as originally ordered by the City's chief of police.

***I. Background Facts and Proceedings.***
Husske's thirteen-year employment with the Fort Dodge police department was terminated "for reasons of misconduct and disobedience of orders." Police Chief Ivan Metzger fired Husske following Husske's public comments on a confidential survey of department employees regarding Metzger's job performance. Husske's description of the survey results as "very very unfavorable to the chief" was included in a Des Moines Register article about the problems facing a newly-elected Fort Dodge mayor. The article also included reference to "rumblings of discontent, even mutiny among the City's police."

On appeal to the Fort Dodge Civil Service Commission, Husske argued his innocent re-

ply to a media inquiry did not constitute misconduct and his termination infringed on his freedom of speech. He also argued termination was disproportionately severe discipline in view of his alleged misconduct.

In its ruling, the commission emphasized its lesser concern with the content of Husske's public comments than his motivation and the circumstances precipitating his remarks. Other pending disciplinary proceedings against Husske and Metzger's consideration for reappointment as chief by the new mayor were cited as contextual facts supporting the commission's ultimate findings of misconduct. The commission rejected Husske's innocent characterization of his behavior in these terms:

> When viewed as a whole, Officer Husske's involvement in this matter crossed the line between the mere exercise of free speech and an inappropriate attempt to discredit and ridicule a superior officer.

Although the commission agreed with the City on the propriety of progressive discipline based on Husske's disciplinary history, it concluded termination was not justified. The commission reduced Husske's termination to a sixty-day suspension without pay.

The City appealed the commission's ruling to the district court. The district court found Husske's conduct violated Order 77–017 of the Fort Dodge Police Department's General Orders.[1] After an extensive analysis of relevant authorities, the district court concluded Husske's discipline for public criticism of the police chief did not violate his First Amendment right to freedom of speech. However, like the commission, the district court found termination was unjustified and affirmed Husske's sixty-day suspension without pay.

In this appeal, the City contends Husske's progressive disciplinary history necessitates his termination and it was reversible error

for the district court to conclude otherwise. Although Husske has not appealed his suspension, he argues the record supports the district court's disciplinary decision. He also contends the City did not preserve error on its claim that the district court failed to consider progressive discipline in reaching its decision.

**II. Standard of Review.** Our review in cases such as this is de novo. *Sieg v. Civil Serv. Comm'n*, 342 N.W.2d 824, 826 (Iowa 1983). We examine the entire record and determine from the credible evidence rights anew on those propositions properly presented, provided the issue has been raised and error, if any, preserved in the course of the trial proceedings. *In re Marriage of Jennerjohn*, 203 N.W.2d 237, 240 (Iowa 1972).

In *City of Des Moines v. Civil Serv. Comm'n*, 513 N.W.2d 746 (Iowa 1994), the supreme court stated:

> Under section 400.27, the commission and court are free to make an independent determination regarding the disciplinary measures taken. *In re Kjos*, 346 N.W.2d 25, 29 (Iowa 1984). Therefore, we are not obliged to presume the correctness of the chief's decision, but must determine anew whether the evidence as a whole justifies an officer's discharge. *Sieg v. Civil Service Commission*, 342 N.W.2d 824, 829 (Iowa 1983).

*Id.* at 748. We independently construe the factual record as a whole to determine if the officer's discipline was warranted. *Id.; see also Eilers v. Civil Serv. Comm'n of City of Burlington*, 544 N.W.2d 463, 465 (Iowa App. 1995).

■ **III. Error Preservation.** We first consider Husske's claim that the City has failed to preserve error on the progressive discipline issue. Husske argues error was not preserved because the City failed to file

---

1. The district court first found the record supported the conclusion that Husske violated Order 77–017 of the Fort Dodge Police Department General Orders:

   Departmental personnel shall not perform any act or make any statement, oral or written, for publication or otherwise which tends to bring the Department or its administrative officers

   into disrepute or ridicule or which destructively criticizes the Department or its administrative officers in the performance of their official duties or which would tend to disrupt or impair the performance of their official duties and obligations of the officers of the Department or would tend to interfere with or subvert the reasonable supervision or proper discipline of all officers of the Department.

an Iowa Rule of Civil Procedure 179(b) motion to enlarge the district court's findings and conclusion to specifically address this issue. We disagree.

■ A rule 179(b) motion is essential to preservation of error when a trial court fails to resolve an issue claim or defense or other theory properly submitted to it for adjudication. *State Farm Mut. Auto. Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206–07 (Iowa 1984) (citations omitted). The purpose of a rule 179(b) motion is "to advise counsel and the appellate court of the basis of the trial court's decision in order that counsel may direct his attack upon specific adverse findings or rulings in the event of an appeal." *Berger v. Amana Society*, 254 Iowa 1036, 1040, 120 N.W.2d 465, 467 (1963). Issues must therefore be presented to and passed upon by the trial court before they may be raised upon appeal. *PEB Practice Sales, Inc. v. Wright*, 473 N.W.2d 624, 625 (Iowa App.1991).

If no rule 179(b) motion is made, or an issue not raised, we will assume as fact an unstated finding necessary to support the trial court's judgment. *Hubby v. State*, 331 N.W.2d 690, 695 (Iowa 1983). Any ambiguity in the trial court's findings is decided in favor of the judgment. *Id.*

Reference to the district court's decision reveals an express reference to progressive discipline as an issue raised by the City on appeal from the commission's ruling. The district court also noted each of Husske's prior disciplinary experiences in its findings of fact. Although there is no express reference to "progressive discipline" in the district court's imposition of Husske's suspension, we find its consideration implicit in the court's earlier reference to the issue and the severity of the discipline imposed in relation to its findings of misconduct. The City did not, therefore, need to file a rule 179(b) motion to preserve error on this issue.

■ *IV. Progressive Discipline.* Iowa Code section 400.19 (1995) grants a chief of police the authority to "peremptorily suspend, demote or discharge a subordinate" for "... misconduct." *See also Eilers*, 544 N.W.2d at 466. A chief's suspension or dismissal must be for "conduct detrimental to the public interest." *City of Des Moines*, 513 N.W.2d at 748 (citations omitted). The term "misconduct" has no fixed meaning, but is broad enough to include relatively minor or innocuous behavior as well as flagrant and injurious breaches of decorum. *Sieg*, 342 N.W.2d at 829. The image presented by police personnel to the general public is vitally important to the police mission. *Millsap v. Cedar Rapids Civil Serv. Comm'n*, 249 N.W.2d 679, 686 (Iowa 1977). It also permeates other aspects of the criminal justice system and impacts its overall success. *Eilers*, 544 N.W.2d at 466. Consequently, police officers must earn and maintain the public trust at all times by conducting themselves with good judgment and sound discretion. *Id.; see Millsap*, 249 N.W.2d at 686.

Prior violations of rules may be considered in determining whether the cumulative effect of an officer's misconduct is sufficient to warrant discharge. *See Higgins v. Iowa Dep't of Job Service*, 350 N.W.2d 187 (Iowa 1984); *McCormack v. Civil Serv. Comm'n*, 315 N.W.2d 855, 859 (Iowa App.1981); *see also City of Clinton v. Loeffelholz*, 448 N.W.2d 308, 312 (Iowa 1989) (where court held city police officer was properly terminated based on his overreaction to an incident involving juvenile bicyclist, an episode in which officer accompanied three minors on a drinking outing, and a prior one-day suspension for a second off-duty speeding offense).

We begin our consideration of this issue by summarizing Husske's disciplinary history. Husske was first suspended for three days in 1989 for having an unauthorized female in his patrol car. In 1991, he was suspended for seven days for the unauthorized distribution of department property. Husske received a thirty-day suspension in 1993 for excessive off-duty drinking while carrying a firearm. The last suspension was pending at the time Husske was terminated. It is also the suspension the commission referred to in assessing Husske's motive for publicly criticizing Metzger.

As noted earlier, our task is to determine whether Husske's misconduct, past and present, is sufficiently detrimental to the public interest to justify his discharge from the police department. We conclude that it is.

Husske's "lack of respect for authority and the chain of command" was noted by the commission when he was suspended in 1991. In this case the commission stated:

Officer Husske's track record for adherence to departmental rules is far less than exemplary. He has tested the patience of his superiors as well as this commission *both with his imprudent activities and his often improbable explanations of them.* (Emphasis added.)

Our review of the record confirms the validity of these assessments. Husske's repeated misconduct following severe and costly suspensions reveal a dimension of insolence that is not amenable to correction. The futility of another suspension is best illustrated by Husske's inappropriate attempt to retaliate against Police Chief Metzger for initiating the disciplinary proceeding resulting in his thirty-day suspension.

Police officers are vested with substantial civil authority. The dire implications of its abuse necessitate professional supervision and public accountability of those entrusted with this authority. The General Orders of the Fort Dodge Police Department and its command structure serve to facilitate both of these functions. Employee compliance with the department's orders and respect for its chain of command are essential to effective supervision and meaningful accountability. Husske's repeated violations of departmental rules and manifest contempt for his superiors have compromised the City's ability to accomplish these objectives.

We agree with the wise observation made by the commission in its 1991 ruling suspending Husske:

It would be short sighted to tolerate violations of departmental regulations until those violations result in egregious consequences. To do so would foster indifference for authority and impede the orderly administration of the police department.

Husske has been the beneficiary of remarkable disciplinary restraint by the appointed and elected officials accountable to the citizens of Fort Dodge for the performance of their police department. The public interest, however, is no longer served by continued restraint under these circumstances. Husske's problematical disciplinary history justifies and the public interest requires his discharge.

We accordingly reverse the decision of the district court affirming the Fort Dodge Civil Service Commission's ruling providing for Husske's sixty-day suspension without pay. This case is remanded to the district court for entry of judgment consistent with this opinion.

**REVERSED AND REMANDED WITH DIRECTIONS.**

HABHAB, C.J., and CADY, J., take no part.