■ In the Matter of the Claim of BARBARA A. JASINSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [748 NYS2d 520] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 18, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a manicurist in a hair salon because, despite two prior warnings, she failed to increase her productivity level by obtaining additional clients. Claimant contends that the decision of the Unemployment Insurance Appeal Board finding that she was discharged due to disqualifying misconduct is not supported by substantial evidence. We agree.

Testimony at the hearing, which was credited by the Board, established that she followed her employer's suggestion and attempted to increase her client base by passing out discount coupons and approaching some, although not all, of the clients in the salon. Despite her efforts, claimant was unable to increase her client base. While the employer may have been justified in dismissing claimant, we do not find that claimant's inability to improve her productivity rises to the level of disqualifying misconduct (*see Matter of Dimps [New York City Human Resources Admin.—Commissioner of Labor],* 274 AD2d 625 n 2). Under these circumstances, we find that the Board's decision is not supported by substantial evidence (*see Matter of Wallace [Pepsi-Cola Allied Bottlers—Sweeney],* 241 AD2d 615; *see generally Matter of Barton [New York City Human Resources Admin.—Ross],* 81 AD2d 691).

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.