# IN THE COURT OF APPEALS OF IOWA

––––––––––––––––––

No. 25-0383
Filed April 1, 2026

––––––––––––––––––

**Robert Lee Starks,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

––––––––––––––––––

Appeal from the Iowa District Court for Lee (South) County,
The Honorable Clinton R. Boddicker, Judge.

––––––––––––––––––

**AFFIRMED**

––––––––––––––––––

Matthew L. Noel of Noel Law Office, Dubuque, attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, attorneys for appellee.

––––––––––––––––––

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Robert Starks pled guilty to three counts of sexual abuse in the third degree, class "C" felonies in violation of Iowa Code section 709.4(1)(b)(2) (2020). He sought postconviction relief, asserting the criminal court "made a[n] err[or]" and challenging the minutes of testimony, the victim's credibility, and whether he should have been shown certain evidence.

The State moved for summary disposition under section 822.6. Following some procedural wrangling, the court concluded there were no disputed facts and the State was entitled to judgment as a matter of law because Starks's claims were barred by section 822.8. The court also observed that Starks's application did not claim trial counsel was ineffective or cite any reason he could not have raised his claims on direct appeal.

Starks appeals, claiming there was a "question of disputed fact" because he believes the plea transcript suggests "there was a disconnect between [him] and his attorney." He goes on to allege that the postconviction court should have concluded counsel failed in certain essential duties, including preparing him for the plea hearing. But the postconviction court is correct that Starks did not raise any claim of ineffective assistance in his postconviction application. And while he made a reference to ineffective assistance in a memorandum resisting summary disposition, this did not serve to amend his then-two-year-old application. *See Nuzum v. State*, 300 N.W.2d 131, 132–33 (Iowa 1981) (recognizing that postconviction-relief filings are governed by the Iowa Rules of Civil Procedure).

Because Starks's sole claim on appeal asserts ineffective assistance at trial, and he did not plead that claim below, we have nothing to review.

**AFFIRMED.**