In re the MARRIAGE OF Ginger
Karlene WOODLEY and
Gregory G. Woodley,

Upon the Petition of Ginger Karlene
Woodley, Petitioner–Appellee,

And Concerning Gregory G. Woodley,
Respondent–Appellee,

And Concerning Madonna Woodley,
Intervenor–Appellant.

No. 90–954.

Court of Appeals of Iowa.

July 26, 1991.

Thomas P. Lenihan, Des Moines, for appellant.

Constance C. Welu of Welu & Welu, Redfield, for appellee Ginger Woodley.

Gregory G. Woodley, pro se.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This appeal follows a trial court's refusal to vacate an order restricting intervenor-appellant Madonna Woodley visitation with her grandchildren. We affirm the trial court.

The issue reached the trial court in an unusual posture. The trial court treated it as a request by Madonna Woodley for grandparent visitation. We agree with the trial court's assessment that this is a claim for grandparent visitation under Iowa Code section 598.35.

Respondent-appellee Gregory G. Woodley is Madonna's son. He and petitioner-appellee Ginger Karlene Woodley have four children. Gregory and Ginger's marriage was dissolved in June 1989. The dissolution decree granted the couple joint custody of their children. Ginger was given primary care. Gregory was given visitation.

In June 1989, following allegations of sexual abuse of one of the children by a son of Madonna's who was in her care, Ginger and Gregory agreed, and their dissolution decree was modified to provide visitation could not be taken where the children would come in contact with Madonna or two other persons not parties to this litigation. Madonna filed a petition to vacate the order. The trial court held a hearing, treated her request as a petition for grandparent visitation, and denied Madonna's petition. In doing so the trial court found, among other things:

After considering all the evidence the court finds that Madonna's request for grandparent visitation rights must fail because said visitation is not in the best interests of the children at this time.

A petition for grandchild visitation rights shall be granted only upon a finding that the visitation is in the best interest of the child. Iowa Code § 598.35 (1989). The great weight of credible evidence heard in this case supports a finding that the requested visitation is not in the best interests of the children at this time.

\* \* \* \* \* \*

The court had ample opportunity to observe the demeanor of the witnesses who testified in this case. Madonna, a woman with a history of mental instability, was clearly distraught. Her testimony was replete with concern for herself. Only scant reference was made to the children's needs and welfare.

\* \* \* \* \* \*

Madonna appeals contending (1) the order should be vacated, (2) the trial court should not have admitted a child protective investigation report in evidence, (3) the trial court should have granted her a new trial, and (4) the trial court should not have ordered her to pay attorney fees and costs. Iowa Code section 598.35 provides in applicable part:

The grandparent of a child may petition the district court for grandchild visitation rights when any of the following circumstances occur:

1. The parents of the child are divorced.

\* \* \* \* \* \*

A petition for grandchild visitation rights shall be granted only upon a finding that the visitation is in the best interests of the child and that the grandparent had established a substantial relationship with the child prior to the filing of the petition.

The statute is an extension of the state's common-law role as parens patriae. *Patterson v. Keleher*, 365 N.W.2d 22, 25 (Iowa 1985). This section applies only when the custodial parent is not the child of the grandparent and does not provide for court intervention when the dispute is between the grandparent and his or her own child. *Olds v. Olds*, 356 N.W.2d 571, 574 (Iowa 1984).

■ Our first responsibility is to review the record de novo to determine whether visitation is in the best interests of the children. Iowa R.App.P. 4. In reviewing the record, we exclude from our consideration the child protective investigation report Madonna contends the trial court should not have considered. We do so without determining its admissibility.

■ Madonna has a history of mental instability. She has been institutionalized. We agree with the trial court that her testimony focuses on her own concerns rather than the interest of the children. We consider too the fact that her son, one of the joint custodians, stipulated the order could issue.

The newly discovered evidence Madonna seeks to admit has to do with medical evidence of the alleged sexual abuse of one of the children. There had been a finding that the sexual abuse happened while the child was in Madonna's care. We did not consider the sexual abuse in our determination. We, therefore, find it unnecessary to address this issue.

■ The trial court ordered fees and costs against Madonna. We affirm. Ginger requests attorney fees on appeal. We tax $500 of Ginger's attorney fees against Madonna.

AFFIRMED.