In the Interest of K.R., a Minor Child.

M.R. and T.R., Guardians, Appellants,

v.

K.R., a Minor Child, Appellee,

C.W., Intervenor.

No. 94–1313.

Supreme Court of Iowa.

Sept. 20, 1995.

Jeffrey M. Johnson, Muscatine, for appellants.

Mark J. Neary, Legal Services, Muscatine, for appellee minor child.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

Appointed guardians of K.R., a child adjudicated in need of assistance, appeal from a juvenile court order modifying the case permanency plan to provide the maternal grandmother the opportunity for unsupervised visitation with the child. The guardians claim the juvenile court had no authority to grant grandparent visitation; and if it had authority, visitation should not have been ordered under the circumstances of the case. The juvenile court concluded it had authority and it was in the best interest of the child to provide the grandmother with visitation. We affirm.

I. *Background Facts and Proceedings.*

K.R., born August 26, 1990, was the subject of a Department of Human Services (DHS) child abuse investigation in February 1991 which led to her removal from the custody of her sixteen-year-old mother, A.R. The mother's primary problems were immaturity and substance abuse which rendered her incapable of providing the child with appropriate care or supervision. She was separated from her husband and she and their child were living with her parents. Her husband, father of K.R., had little involvement with the child. In March the juvenile court issued a temporary removal order transferring custody of the child from her mother to the DHS for placement with M.R., the maternal grandfather. In August the juvenile court adjudicated K.R. a child in need of assistance (CINA) pursuant to Iowa Code sections 232.2(6)(b) and 232.2(6)(c)(2) (1991) and ordered the custody of the child returned to her mother subject to the protective supervision by the DHS.

In February 1992, the juvenile court was advised that A.R. had abandoned the treatment program and she had left the state with her daughter in an effort to circumvent the dispositional order. The juvenile court entered an order transferring custody of the child to the DHS for placement in family foster care. Within a relatively short time A.R. voluntarily returned and relinquished custody of the child to the DHS. A.R. then completed a substance abuse treatment program and custody of K.R. was restored to her subject to protective supervision.

Within four months A.R. again developed substance abuse problems. The juvenile court ordered that custody remain with A.R. provided she enter a residential treatment program for substance abuse; in the event she did not do so, custody was to transfer to the DHS for placement in family foster care. A.R. did not follow through with treatment. In March 1993, having received the adverse progress report from the DHS, the juvenile court scheduled a modification hearing for placement of K.R. in family foster care. The court allowed M.R. and his wife, T.R., to intervene. Following hearing, the court placed K.R. in the custody of M.R., subject to protective supervision by DHS, and scheduled a permanency hearing. The court was not convinced a termination of parental rights was in the child's best interest. After finding the child would suffer harm if returned to the home of her parents, the juvenile court entered a permanency order in October 1993 appointing M.R. and T.R. as guardians and custodians (hereafter guardians) of the child. The juvenile court did not terminate the parental rights of either the mother or father of the child.

In February 1994, C.W., the child's maternal grandmother and M.R.'s former wife, filed a motion requesting grandparent visitation rights. She withdrew her motion the following month because DHS had agreed to act as an impartial intermediary and to supervise visitation between the child and her.

In June with the court's permission, C.W. filed an application for visitation rights. She alleged that the DHS failed to follow through on the agreement that she be provided visitation with K.R. She requested an order allowing reasonable unsupervised visitation with the child. The application was set for hearing by the juvenile court.

At the hearing evidence was presented that C.W. was permitted weekly visitation

with her granddaughter in the guardians' home by agreement with the guardians. Later visitation was restricted by the guardians to one hour per week at the DHS office. Following the hearing, the juvenile court found that C.W., "as maternal grandmother and intervenor, is entitled to reasonable visitation consistent with the best interest of the child." The court concluded that her visitation with the child should be pursuant to a case plan directed by the DHS rather than under the discretion of the guardians. The court concluded that "short unsupervised day excursions of two to three hours are appropriate and in the best interest of the child and grandmother" and "unsupervised day visits and unsupervised overnight visits can follow only after a determination is made that the unsupervised day excursions continue to have a positive influence on the minor child." The court ordered modification of the case permanency plan to provide C.W. with the opportunity for short, unsupervised day excursions of two to three hours with the child.

The guardians appeal.

## II. *Standard of Review.*

Our review of juvenile court proceedings is de novo. We give weight to the fact findings of the juvenile court, especially regarding the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7). The governing concern is the welfare and best interest of the child. Iowa R.App.P. 14(f)(15); *In re N.M.,* 528 N.W.2d 94, 96 (Iowa 1995); *In re B.B.,* 500 N.W.2d 9, 11 (Iowa 1993).

## III. *Grandparent Visitation.*

The guardians urge all court-ordered grandparent visitation must be pursuant to the statutory qualifications under Iowa Code section 598.35 (1993). In Iowa, a grandparent does not possess a common law right to visitation with grandchildren. *Olds v. Olds,* 356 N.W.2d 571, 572 (Iowa 1984). Consequently, in the absence of statutory authority, a grandparent cannot obtain visitation rights over the objection of a custodial parent. *Id.* at 572–73. The general assembly has provided a statutory basis for an action by a grandparent for visitation rights. Iowa Code section 598.35 provides:

The grandparent of a child may petition the district court for grandchild visitation rights when any of the following circumstances occur:

1. The parents of the child are divorced.

2. A petition for dissolution of marriage has been filed by one of the parents of the child.

3. The parent of the child, who is the child of the grandparent, has died.

4. The child has been placed in a foster home.

5. The parents of the child are divorced, and the parent who is not the child of the grandparent has legal custody of the child, and the spouse of the child's custodial parent has been issued a final adoption decree pursuant to section 600.13.

6. The paternity of a child born out of wedlock is judicially established and the grandparent of the child is the parent of the father of the child and the mother of the child has custody of the child, or the grandparent of a child born out of wedlock is the parent of the mother of the child and custody has been awarded to the father of the child.

A petition for grandparent visitation rights shall be granted only upon a finding that the visitation is in the best interests of the child and that the grandparent had established a substantial relationship with the child prior to the filing of the petition.

Section 598.35 was enacted to ease "the harshness of the common law in situations where grandparents could not seek derivative visitation rights from the parent who is their child." *Olds,* 356 N.W.2d at 574. Because C.W. does not meet the statutory requirements, the guardians urge she has no right to petition for grandparent visitation rights.

The issue here is not whether C.W. has standing to petition the district court, but whether the juvenile court in a CINA proceeding has the authority to grant grandpar-

ent visitation with a child placed in the custody of court-appointed guardians.

 The juvenile court is given exclusive jurisdiction over CINA proceedings. Iowa Code § 232.61; *In re C.S.*, 516 N.W.2d 851, 854 (Iowa 1994). The power of the juvenile court in CINA proceedings includes determination of visitation rights of parents and grandparents. *See In re N.M.*, 528 N.W.2d at 99 (approving juvenile court's visitation schedule granted to mother in permanency order); *In re B.B.*, 500 N.W.2d at 13 (affirming the district court's order allowing parent's visitation subject to the court's guidelines); *In re Augustus*, 158 N.W.2d 625, 631 (Iowa 1968) (affirming juvenile court's decree including visitation rights granted to maternal grandmother). The ultimate goal of CINA proceedings is for the child to receive "the care, guidance and control that will best serve the child's welfare." Iowa Code § 232.1; *In re N.M.*, 528 N.W.2d at 97. During the pendency of an action under chapter 232, the juvenile court has exclusive jurisdiction over "the custody, guardianship, or placement of a child who is the subject of the action." Iowa Code § 232.3. The juvenile court may authorize or request a party to litigate these issues concurrently in another court. *Id.* The juvenile court has statutory authority to transfer legal custody after a dispositional hearing or permanency hearing. Iowa Code §§ 232.102(1), .104(2)(d). Custody decisions include the determination of visitation rights. *In re Marriage of Bolson*, 394 N.W.2d 361, 365 (Iowa 1986).

Because this is a juvenile court proceeding under chapter 232, we need not address the authority of the probate court to grant grandparent visitation rights with a child in a guardianship. This issue was addressed and discussed in *In re Guardianship and Conservatorship of Ankeney*, 360 N.W.2d 733, 736–37 (Iowa 1985).

 If it is in the best interest of K.R. to have visitation with her grandmother, we hold the juvenile court may grant visitation. Although section 598.35 may limit grandparent visitation rights, it does not limit the statutory authority of the juvenile court to decide the visitation issue.

## IV. *Best Interest of a Child.*

The juvenile court retains jurisdiction following the entry of a permanency order placing a child in a guardianship. Iowa Code § 232.104(6). The court must "annually review the order to ascertain whether the best interest of the child is being served." *Id.*

The guardians claim the juvenile court acted contrary to K.R.'s best interest in granting C.W. visitation rights over their opposition. They assert that "[s]uch a coercive measure was neither necessary nor appropriate in order to maintain a relationship between grandmother and child, and it unduly hampers her guardians' efforts to provide K.R. with a secure and orderly home life." They contend that "C.W. has not had an altogether positive influence on K.R.'s chaotic life history," and that she "professed little knowledge or concern" about her daughter's substance abuse problem. They claim that visitation should be within their discretion because of the child's special need for security.

At the juvenile court hearing, the DHS caseworker in charge of the case testified that during the supervised visits it was not unusual for the child to leave the room two to five times an hour to assure herself that the guardians were still in the waiting area. The caseworker recommended that visitation with C.W. continue to be in a neutral, stable environment where the guardians are accessible to the child. The caseworker felt any grant of unsupervised visitation was premature because only a few supervised visits had taken place. The caseworker believed the guardians were capable of making appropriate decisions in affording visitation by C.W. C.W. testified that she has a real good relationship with K.R. and they enjoy each other's company.

At the hearing K.R.'s guardian ad litem recommended that visitation administered through DHS be continued subject to the discretion of the guardians. On appeal the guardian ad litem urges that the juvenile court correctly determined the best interest of the child and set visitation accordingly.

The juvenile court found K.R. knows C.W. as her grandmother, enjoys their visitations, and verbalizes a desire to continue the visitations and have more visitations. We give weight to the juvenile court's findings. We conclude visitation should be pursuant to a case plan and that DHS should be responsible· for facilitating visitation between C.W. and her granddaughter. We agree unsupervised day visits and unsupervised overnight visits can follow only after DHS has determined short unsupervised day excursions have a positive influence on the child. We affirm the juvenile court order modifying the case permanency plan to allow C.W. an opportunity for short unsupervised visitation with K.R.

**AFFIRMED.**