**Thomas W. GRAVES and Marlene Graves, Plaintiff–Appellants,**

v.

**Judith ECKMAN, Defendant–Appellee.**

95–148.

Court of Appeals of Iowa.

April 23, 1996.

William F. Creasey of Goedken & Creasey, Muscatine, for appellants.

Amy C. Churchill, Coralville, for appellee.

Considered by SACKETT, P.J., and CADY and STREIT, JJ.

SACKETT, Presiding Judge.

Plaintiffs-appellants Thomas W. Graves and Marlene Graves, the paternal grandparents of Guy, sought visitation with the child who is in the custody of his mother, defendant-appellee Judith Eckman. The trial court denied them visitation and this appeal follows. Plaintiffs contend the district court used the wrong legal standard in denying their request for visitation. They further contend it would be in the child's best interest to know his paternal grandparents, even though their son's parental rights were terminated. We affirm.

Guy was born February 27, 1992. His parents never married and their relationship ended before he was born. His father has had little involvement with him. However, these plaintiffs supported defendant throughout her pregnancy, including taking her to the hospital and to doctors' appointments. After Guy's birth, defendant allowed plaintiffs visitation.

In the summer of 1992, defendant married and she began to curtail plaintiffs' visitation. Defendant's new husband wanted to adopt Guy and defendant approached Guy's birth father about consenting to termination of his parental rights. He indicated he would consent to termination of his parental rights upon certain conditions. Defendant expressed a willingness to allow plaintiffs to exercise visitation if their son would agree to terminate his parental rights. With defendant's permission, plaintiffs' visitation continued until August 1993, when a petition to terminate the birth father's parental rights was filed. After a hearing, the birth father's parental rights were terminated. The intention was for defendant's new husband to adopt Guy.

Plaintiffs filed the present action seeking grandparent visitation. Plaintiffs testified they were bonded with their grandson. Defendant contested the testimony and claimed Guy did not know who his paternal grandparents were. The trial court found the evidence not to be persuasive for either side. Without specific findings, the district court went on to determine it was not in Guy's best interest to order visitation and denied plaintiffs' request for visitation.

Plaintiffs maintain they have grandparent visitation rights pursuant to Iowa Code section 598.35 (1995). Plaintiffs point out they had a strong relationship with Guy until defendant filed a petition to terminate their son's parental rights.

■ We review de novo. Iowa R.App. P. 4.

■ There is no authority at common law to order grandparent visitation. *See In re K.R.*, 537 N.W.2d 774, 776 (Iowa 1995); *Olds v. Olds*, 356 N.W.2d 571, 572 (Iowa 1984). Therefore, absent statutory authority, a grandparent cannot obtain visitation over the objection of a custodial parent. *K.R.*, 537 N.W.2d at 776.

The Iowa Legislature in Iowa Code section 598.35 has provided for grandparent visitation under special delineated circumstances. Iowa Code section 598.35 provides:

The grandparent of a child may petition the district court for grandchild visitation rights when any of the following circumstances occur:

1. The parents of the child are divorced.

2. A petition for dissolution of marriage has been filed by one of the parents of the child.

3. The parent of the child, who is the child of the grandparent, has died.

4. The child has been placed in a foster home.

5. The parents of the child are divorced, and the parent who is not the child

of the grandparent has legal custody of the child, and the spouse of the child's custodial parent has been issued a final adoption decree pursuant to section 600.13

6. The paternity of a child born out of wedlock is judicially established and the grandparent of the child is the parent of the father of the child and the mother of the child has custody of the child, or the grandparent of a child born out of wedlock is the parent of the mother of the child and custody has been awarded to the father of the child.

A petition for grandchild visitation rights shall be granted only upon a finding that the visitation is in the best interests of the child and that the grandparent had established a substantial relationship with the child prior to the filing of the petition.

Iowa Code § 598.35 (1995).

This statute applies only to those specific situations in the statute. *Lihs v. Lihs,* 504 N.W.2d 890, 892–93 (Iowa 1993); *In re Marriage of Rykhoek,* 525 N.W.2d 1, 3 (Iowa App.1994). Grandparents are not entitled to visitation under the statute unless they fit in one of the specific situations listed in the section. *Olds,* 356 N.W.2d at 573.

Plaintiffs fail to fit within a statutory provision. An argument can be advanced plaintiffs should fall under Iowa Code section 598.35(5). Guy's parents have no marital bond and Guy is being adopted by his mother's spouse. The statute in place when this action was brought specifically refers to a child whose parents were married. Guy's parents were not; consequently, these plaintiffs do not specifically fit in the statute.

The issue of whether the distinction between a grandchild born to parents who never married and a grandchild born to a couple whose marriage has been dissolved is constitutional has not been raised, and we do not address it.

Plaintiffs have failed to show they are in a statutory classification that is allowed grandparent visitation. *See Lihs,* 504 N.W.2d at 892–93. The trial court is affirmed.

**AFFIRMED.**