**Upon the Petition of Marlys HASSEL, Petitioner–Appellee,**

**And Concerning Kelly S. Hassel, Respondent–Appellant,**

**and**

**Tamara S. Hassel, Respondent.**

No. 98–1571.

Court of Appeals of Iowa.

June 23, 1999.

James W. Carney and Lorelei H. Brewick of Carney, Appleby & Brewick, P.L.C., Des Moines, for appellant.

Theodore M. Meggars and Greg S. Noble of Murray Jankins & Noble, Des Moines, for appellee.

Heard by SACKETT, C.J., and VOGEL and ZIMMER, JJ.

SACKETT, C.J.

Respondent-appellant Kelly S. Hassel challenges a district court decree granting his mother, petitioner-appellee Marlys Hassel, visitation with his two children. Kelly and the mother of the children, Tamara S. Hassel, are divorced. In the decree, Tamara was granted primary physical care. We affirm as modified.

Marlys sought to establish grandparent visitation rights under Iowa Code section 598.35 (1997).[1] The district court granted

---

1. Iowa Code section 598.35 provides, in relevant part:

The grandparent or great-grandparent of a child may petition the district court for grandchild or great-grandchild visitation rights when any of the following circumstances occur: ·

1. The parents of the child are divorced.
. . . .
7. A parent of the child unreasonably refuses to allow visitation by the grandparent or great-grandparent or unreasonably restricts visitation. This subsection applies to but is not limited in application to a situation in which the parents of the child are divorced and the parent who is the child of the grandparent or who is the grandchild of the great-grandparent has legal custody of the child.

A petition for grandchild or great-grandchild visitation rights shall be granted only upon a finding that the visitation is in the best interests of the child and that the grandparent or great-grandparent had established a substantial relationship with the child prior to the filing of the petition. Iowa Code § 598.35.

In 1997, section 598.35(7) was amended to provide: "This subsection applies to but is not limited in application to a situation in which

Marlys specific rights as a grandparent to visit with the children. Kelly contends (1) Iowa Code section 598.35 is unconstitutional as applied by the district court; (2) the district court ordered Marlys custodial rights not authorized by the statute; and (3) the visitation ordered Marlys was excessive.

■ We review de novo to determine (1) whether visitation is in the interests of the children, and (2) if it is, whether the visitation granted by the district court serves the children's interests. *Graves v. Eckman*, 550 N.W.2d 470, 471 (Iowa App. 1996); *In re Marriage of Woodley*, 474 N.W.2d 815, 817 (Iowa App.1991).

The children, Wendy and Matthew, were ages ten and six at the time of the hearing. In the dissolution, though Tamara was named the primary physical custodian, Kelly was granted liberal rights of visitation, including Tuesdays and Thursdays from 4 p.m. to 7 p.m., every Sunday, and certain weekends. Marlys had spent time with the children during Kelly's visitation period.

In 1997, Kelly and Tamara decided to decrease Marlys's time with the children and limited her to supervised visits. Unhappy with the limitation imposed, Marlys filed this petition. Marlys asked for substantial times to visit with the children which she contends represented the time she spent with the children prior to Kelly and Tamara's decision to limit her visits.

The district court found Marlys should have visitation with the children. The court provided her visitation one Sunday a month from 9 a.m. to 4 p.m., one overnight visit a month from 4 p.m. on Friday until 7 p.m. on Saturday, five days during the summer, one day between Christmas and New Year's, one day for a family reunion, and one day for a birthday celebration. The court found Marlys could take the children to church, though finding Kelly and Tamara were the people to determine

the parents of the child are divorced and the parent who is the child of the grandparent ...

where the children should have their religious instruction.

Kelly first contends Iowa Code section 598.35 is unconstitutional as applied in this case. He advances the order entered by the district court infringes upon his fundamental liberty interest in his children protected by the constitution against State intrusion. He relies on the Florida case of *Beagle v. Beagle*, 678 So.2d 1271 (Fla. 1996), to support his position.

■ Marlys contends this issue was not presented to the district court and is not available for review. Issues must ordinarily be presented to and passed upon by the trial court before they can be raised and decided on appeal. *City of Fort Dodge v. Civil Serv. Comm'n*, 562 N.W.2d 438, 440 (Iowa App.1997); *Nepstad Custom Homes Co. v. Krull*, 527 N.W.2d 402, 405 (Iowa App.1994).

■ Kelly advances the Florida case was not available when this case was tried. He contends the absence of the Florida authority at trial and the fact he is raising a constitutional issue dictate we should address it. We disagree. Even constitutional issues need to be presented in the trial court before they are considered on appeal. *See State v. Leutfaimany*, 585 N.W.2d 200, 209 (Iowa 1998); *State v. Ceaser*, 585 N.W.2d 192, 195 (Iowa 1998); *State v. Shortridge*, 589 N.W.2d 76, 84 (Iowa App.1998). We decline to address Kelly's constitutional challenge to Iowa Code section 598.35.

Kelly next contends the visitation provided Marlys is, in fact, a custodial right not authorized by common law or statute. In particular, he asserts the expansive order, both with regard to visitation time and religious decision-making authority, is the equivalent of granting legal custody. He also contends the visitation ordered is excessive.

has legal custody of the child." 1997 Iowa Acts ch. 118, § 1.

■ We agree with Kelly the legislature, in providing for grandparent visitation, did not create a custodial right in the grandparent. We need not address whether the order was custodial, as we modify it to strike the provisions Kelly contends were custodial. The questions we address are whether Marlys should have visitation and whether the time the court ordered the children spend with her is excessive.

To succeed, Marlys in receiving visitation must prove the rights are given to her by statute. *See McMain v. Iowa Dist. Ct.,* 559 N.W.2d 12 (Iowa 1997) (Snell and Andreasen, JJ., dissenting) (court lacked authority to enter an order for visitation under Iowa Code § 598.35 because custodial parent was not under authority of guardianship court once involuntary guardianship petition had been denied; therefore, grandparents did not qualify for visitation under grandparent visitation statute); *In re K.R.,* 537 N.W.2d 774 (Iowa 1995) (*short unsupervised* grandparent visitation was granted with grandchild; unsupervised day visits and unsupervised overnight visits would follow only after the Department of Human Services determined short unsupervised day excursions have a positive influence on the child); *In re Guardianship of Nemer,* 419 N.W.2d 582 (Iowa 1988) (the court enforced a *limited visitation schedule* between grandchild and grandparents that was previously allowed); *see also Olds v. Olds,* 356 N.W.2d 571 (Iowa 1984) (grandparents denied visitation because they did not fit into any of the situations detailed in the statute); *In re Adoption of Gardiner,* 287 N.W.2d 555 (Iowa 1980) (adoption court did not have authorization to grant right of visitation to grandparents); *Graves v. Eckman,* 550 N.W.2d 470 (Iowa App.1996) (paternal grandparents of child whose parents were never married did not fall within statutory provision allowing grandparent visitation and were not entitled to visitation with child).

■ Marlys qualifies for visitation under the statute, yet she must still show visitation with her is in the children's interest. *See In re Guardianship and Conservatorship of Ankeney,* 360 N.W.2d 733 (Iowa 1985) (the court fixed visitation for the grandmother); *see also In re Marriage of Woodley,* 474 N.W.2d 815 (Iowa App.1991) (where appellate court affirmed trial court's denial of paternal grandmother visitation with grandchildren finding it was not in the best interests of the children). Marlys has had a close relationship with the children. We agree with the district court it is in the children's interest this relationship continue. However, the extent of visitation provided by the district court infringes substantially on the parents' time with their children. We find the time fixed too extensive and strike the visitation provisions made by the district court. Marlys shall have six hours a month to visit with the children. The visits shall be set by the parents at a time or times convenient for them.

Marlys has requested appellate attorney fees. We deny her request. Costs on appeal shall be paid three-fourths by Marlys and one-fourth by Kelly.

**AFFIRMED AS MODIFIED.**