**IN THE COURT OF APPEALS OF IOWA**

No. 17-0919
Filed August 16, 2017

**IN THE INTEREST OF A.F.,**
**Minor Child,**

**D.F., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld,

District Associate Judge.


        A mother appeals from a permanency order.  **AFFIRMED.**


        Natalie Hope Cronk of Cronk & Waterman, P.L.C., Iowa City, for appellant

mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick and Ana Dixit,

Assistant Attorneys General, for appellee State.

        Kimberly Ann Opatz of Linn County Advocate, Cedar Rapids, guardian ad

litem for minor child.


        Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

This case arises out of a child-in-need-of-assistance proceeding. Deloris, the mother, appeals from the juvenile court's amended permanency order as to her child, A.F. (born 2013).[1] The amended permanency order provided custody of A.F. would be returned to Deloris under the protective supervision of the Iowa Department of Human Services ("IDHS"). The order further provided for concurrent jurisdiction to allow A.F.'s father, Paul, to proceed in the district court regarding issues of custody, visitation, and child support. Finally, the amended permanency order granted IDHS discretion to implement an appropriate interaction plan for A.F. and his parents. On appeal, Deloris contends the juvenile court (1) erred in denying her motion to dismiss the child-in-need-of-assistance proceeding, (2) erred in returning custodial rights to her but modifying the parents' pre-existing physical care arrangement, and (3) unconstitutionally delegated its authority to determine custody and visitation to IDHS.

Our review in child-in-need-of-assistance proceedings is de novo. *See In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We examine both the facts and the law, and we adjudicate anew issues properly preserved and presented for appellate review. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995).

Deloris's first claim is the juvenile court should have dismissed the assistance proceeding because she no longer posed any risk of harm to A.F. The record reflects the child was removed from Deloris's care in March 2016 due to concerns regarding Deloris's inability to provide adequate supervision and

---

[1] Deloris has two other children. She did not appeal the permanency order as to one of the children, and her appeal as to the other child was dismissed as untimely by the supreme court.

care for the child and due to concerns regarding Deloris's use of controlled substances, including marijuana and methamphetamine. A.F. was placed with Paul, who, up to that point in time, had largely been uninvolved in A.F.'s life. Deloris made significant progress throughout the life of the case. She began treatment for her mental-health conditions and ceased using controlled substances. Her interactions with A.F. improved, and her contact with A.F. increased over time. By the time of the permanency review hearing, the attorney for the State reported, with respect to A.F., "Deloris has done everything that she's been required to do."

Although Deloris made significant progress in addressing the concerns giving rise to removal, the juvenile court was not required to dismiss the assistance proceeding. Instead, the decision to dismiss or close an assistance proceeding is within the broad discretion of the juvenile court. *See In re E.H.*, No. 02-0764, 2003 WL 289596, at *1 (Iowa Ct. App. Feb. 12, 2003). A juvenile court may terminate a dispositional order if the court determines "[t]he purposes of the order have been accomplished and the child is no longer in need of supervision, care, or treatment" or "[t]he purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted." Iowa Code § 232.103(4)(a), (d) (2016).

Under the circumstances, we cannot conclude the district court abused its broad discretion in declining to dismiss this assistance proceeding. The trial home placement of A.F. with Deloris was relatively new. The juvenile court had not inappropriate concern regarding Deloris's ability to maintain the positive changes. The juvenile court had not inappropriate concern regarding the child's

ongoing adjustment to the new parenting arrangement. The juvenile court indicated that it would consider closing the case in due course but that it wanted to exercise caution at the time of the hearing. This was a prudent course of action under the circumstances. We find no abuse of discretion.

Deloris next challenges the juvenile court's decision to continue the de facto shared-care arrangement. She contends the juvenile court was required to restore the status quo ante—that is, the juvenile court was required to grant her primary physical care of the child, which was the care arrangement prior to the initiation of this assistance proceeding. We disagree. The juvenile court has broad power to act in the best interest of the child, including the power over custody, care, and visitation with the child. *See* Iowa Code § 232.104(5) ("Any permanency order may provide restrictions upon the contact between the child and the child's parent or parents, consistent with the best interest of the child."); *In re K.R.*, 537 N.W.2d 774, 777 (Iowa 1995) (providing the juvenile court has exclusive jurisdiction over custody, guardianship, care, and visitation during a pending assistance proceeding); *In re T.M.*, No. 11-0307, 2011 WL 1584586, at *1 (Iowa Ct. App. Apr. 27, 2011) (affirming permanency order granting IDHS the discretion to manage contact between the child and parents). Here the juvenile court took a cautious step toward reunification, which was reasonable under the circumstances.

Finally, Deloris asserts a constitutional challenge to the amended permanency order. She contends affording IDHS discretion to implement an interaction plan is an unconstitutional delegation of judicial power to the executive branch. Deloris is correct in asserting that it is exclusively the province

of the court to determine custody, care, and visitation arrangements. *See In re Marriage of Stephens*, 810 N.W.2d 523, 530–31 (Iowa Ct. App. 2012) ("The legislature has granted to the court the responsibility to make an impartial and independent determination as to what is in the best interests of the child . . . ."). A court may not delegate this power to a third party. *See id.*; *In re S.P.*, No. 16-1919, 2017 WL 108798, at *5 (Iowa Ct. App. Jan. 11, 2017) ("The juvenile court may not delegate its judicial function to any third party . . . ."). Here, however, there was no delegation of power. The juvenile court made the custody and care determination and afforded the agency discretion to implement the court's decision in the best interest of the child. This was a permissible exercise of the juvenile court's authority. *See, e.g., T.M.*, 2011 WL 1584586, at *1 (affirming disposition order "giving DHS discretion to manage the contact between [the child] and his father"); *In re J.L.*, No. 10-0041, 2002 WL 100501, at *3 (Iowa Ct. App. Jan. 28, 2002) (stating "[t]here is statutory and case law to support the juvenile court's" delegation to the agency of discretion in implementing a visitation arrangement).

For the above-stated reasons, we affirm the judgment of the juvenile court.

**AFFIRMED.**