# IN THE COURT OF APPEALS OF IOWA

No. 24-0435
Filed June 5, 2024

IN THE INTEREST OF A.C., B.C., and P.C.,
Minor Children,

P.C., Father,
    Appellant/Cross-Appellee,

C.C., Mother,
    Appellee/Cross-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Richelle Mahaffey, Judge.

A father appeals and the mother cross-appeals from a dispositional order in a child-in-need-of-assistance proceeding. **AFFIRMED ON APPEAL AND CROSS-APPEAL.**

Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant/cross-appellee father.

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellee/cross-appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Rebecca L. Petig of Bierman and Petig, P.C., Grinnell, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A father appeals the dispositional order, challenging the continued removal of three children from his custody. The father also challenges the district court's determination that the guardian ad litem (GAL) did not have a conflict of interest necessitating removal. The mother of two of the children cross-appeals, challenging the district court's grant of concurrent jurisdiction as to child support only, the allowance of the paternal grandparents as supervisors for some of the father's visitation, and the award of specific visitation for the father.

## I. Background Facts and Prior Proceedings

A.C., born in 2013, B.C., born in 2017, and P.C., born in 2019, are the children of the father. B.C. and P.C. are also the children of the mother.[1] A.C.'s mother is deceased.[2]

The family first came to the attention of the Iowa Department of Health and Human Services (HHS) due to physical violence and substance abuse. There were allegations of physical violence by the father against the mother and against the children. B.C. and P.C. were adjudicated children in need of assistance (CINA) in October 2023. Following a hearing on an Iowa Code chapter 236 (2023) civil protective order in December, the district court granted the mother sole custody of B.C. and P.C. But as A.C. was not the biological child of the mother, the district

---

[1] Two other children are involved in the juvenile proceedings but are not involved in this appeal. B.S. and J.W. are the children of the mother but are not the children of the father in the instant appeal. The fathers of B.S. and J.W. have not appealed.
[2] As part of the dispositional order, the court also found that A.C. was an Indian child and that the Indian Child Welfare Act was applicable to A.C. only.

court declined to address custody of A.C. HHS sought a removal order from the father's custody for A.C., which was granted in December.

A combined uncontested adjudication hearing for A.C. and a contested dispositional hearing for all three children was held in February. A.C. was adjudicated CINA and remained outside of his father's custody following the dispositional hearing. P.C. and B.C. were formally removed from their father's custody in the dispositional order. All three children were placed in the mother's custody. The court determined that removal of the children from their father outweighed the potential harm of removal, including, but not limited to, physical, emotional, social, and mental trauma resulting from the removal and that custody with the father was contrary to the children's welfare.

The mother and father were married but separated. The mother requested that the court grant concurrent jurisdiction so she could litigate issues of child support, spousal support, and "other custody and property matters." The court granted her request for concurrent jurisdiction as to child support.

The court found that reasonable efforts had not been made with respect to the father between December 18 and February 8. The court set a visitation schedule, granting the father a minimum of five hours of professionally supervised visits a week and allowing the paternal grandparents to supervise any additional visitation.

The father requested the children's GAL be removed due to a conflict of interest. The court denied this request.

## II. Standard of Review

We review CINA proceedings de novo. *In re A.M.H.*, 516 N.W.2d 867, 870 (Iowa 1994). We give weight to the district court's factual findings, but we are not bound by them. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). "[O]ur fundamental concern is the best interests of the child[ren]." *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001).

## III. Discussion

The father argues the district court "erred in finding removal as to B.C. and P.C., and continued removal as to A.C., was appropriate under Iowa Code Section 232.95." He asserts the court did not make the "least restrictive disposition appropriate" under Iowa Code section 232.99(4). And the father argues "[t]he court erred in determining that the guardian ad litem did not have a conflict of interest that necessitated her removal from the case."

The mother cross-appeals, arguing the district court erred "by granting concurrent jurisdiction only as to child support," "by directing [HHS] to allow" the paternal grandparents "to supervise visitation with the children," and "by directing a certain number of hours of visitation when a period of no visitation or more restricted visitation is in the children's best interest."

### A. Legal Custody

Following the dispositional hearing, the district court ordered the removal of B.C. and P.C. and the continued removal of A.C. from the father's custody. The father asserts removal was not appropriate under sections 232.95 and 232.99.

Section 232.99(4) states: "When the dispositional hearing is concluded the court shall make the least restrictive disposition appropriate considering all the

circumstances of the case." The dispositions available to the court include suspended judgment, retention of custody by a parent, appointment of a guardian, and transfer of legal custody of child and placement. *See* Iowa Code §§ 232.99(4) 232.100, .101, .101A, .102.

All three children were placed in the custody of the mother, who is the biological mother of B.C. and P.C. and the stepmother of A.C. This followed the father's extended history of spousal abuse and inappropriate punishment of the children. After concluding the father physically abused the mother in front of the children, the district court noted, "not only is it abhorrent that the children witnessed [the father] abusing their mother, but that it is emotionally and mentally harmful and dangerous to their well-being."

The father argues he has "made excellent progress" and has attended regular therapy to address anger management. This therapy began in September 2023, with the family participating in HHS services since May 2023. A founded child abuse assessment in October 2023 detailed abuse by the father. The court noted the father's testimony "showed a lack of understanding regarding his dangerous behavior." We have found it necessary "that the parents acknowledge and recognize the abuse before any meaningful change can occur is essential in meeting the child's needs." *See In re H.R.K.*, 433 N.W.2d 46, 50 (Iowa Ct. App. 1988).

The father also argues the court failed to make the least restrictive disposition appropriate. *See* Iowa Code § 232.99(4). B.C. and P.C. were placed with their mother; A.C. was placed with his stepmother in the same household as his siblings. When considering the least restrictive placement, the placement must

be in the best interests of the child. *See In re K.P.*, No. 11-1869, 2012 WL 2122227, at *7 (Iowa Ct. App. Jun. 13, 2012). Iowa Code section 232.102(1)(a) states that

> After a dispositional hearing, the court may enter an order transferring the legal custody of the child to a parent of the child. If the court finds that custody with either of the child's parents is not in the child's best interests, the child's custody shall be transferred to the department for placement of the child in any of the following categories in the following order of priority:
> (1) An adult relative of the child including but not limited to adult siblings and parents of siblings.

B.C. and P.C. were placed with a parent, and A.C. was placed with the parent of a sibling. "[U]ntil the parent can establish the ability to parent the child safely, the least restrictive disposition is for the child to be placed with others." *In re A.G.*, No. 15-0115, 2015 WL 1849520, at *4 (Iowa Ct. App. Apr. 22, 2015). Placement with the mother, outside the custody of the father, who has yet to fully address issues with physical abuse, was warranted. *See id.*; *see also* Iowa Code § 232.99. We conclude that continued removal from the father is in the children's best interest and placement with the mother was the least restrictive disposition available under Iowa Code section 232.99. While the goal remains reunification, custody of the children with their father is currently contrary to their welfare.

### B. Removal of the Guardian ad Litem

The father also contends that the court improperly denied his motion to remove the GAL for a conflict of interest. He alleges the GAL has a conflict of interest stemming from her position as a part-time magistrate in Poweshiek County. In that position, the GAL presided over a case in which the father was charged with violation of a no-contact order in June 2019. The mother was the

protected party under that no-contact order, and the GAL found the father guilty of that charge. The father argues the GAL's subsequent involvement in this CINA proceeding implicates Iowa Rules of Professional Conduct 32:1.7 and 32:1.12.

"[A] conflict exists when an attorney is placed in a situation conducive to divided loyalties." *State v. Watson*, 620 N.W.2d 233, 239 (Iowa 2000) (citation omitted). Iowa Rule of Professional Conduct 32:1.7(a) states:

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>  (1) the representation of one client will be directly adverse to another client; or
>  (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

The father does not explain the alleged conflict under rule 32:1.7. The GAL is not representing the father, and therefore 32:1.7 cannot apply to create any conflict under these circumstances.

Rule 32:1.12 is entitled "Former judge, arbitrator, mediator, or other third-party neutral." It states:

>  (a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person or as an arbitrator, mediator, or other third-party neutral, unless all parties to the proceeding give informed consent, confirmed in writing.

The father was involved in a 2019 violation of a no-contact order proceeding, but such was separate from the instant proceedings. The GAL was not involved in the CINA proceeding as a magistrate, and therefore we find rule 32:1.12 is also inapplicable in this situation.

Because "a conflict exists when an attorney is placed in a situation conducive to divided loyalties," *Watson*, 620 N.W.2d at 239 (citation omitted), there is not a conflict requiring the removal of the GAL.

C. Concurrent Jurisdiction

In her cross-appeal, the mother argues the district court should have granted concurrent jurisdiction not only as to child support, but also as to custody, spousal support, and property distribution.

Iowa Code section 232.3(2) allows that "[t]he juvenile court with jurisdiction of the pending action under this chapter, [ ] may, . . . authorize the party to litigate concurrently in another court a specific issue relating to the custody, guardianship, or placement of the child who is the subject of the action." The mother argues she is in a difficult financial situation caring for the children, and "allowing concurrent jurisdiction only for child support for 2 children does not adequately address the need to distribute the marital assts in an equitable manner."

"The juvenile court has exclusive jurisdiction over the custody and placement of a child who is subject to CINA proceedings." *In re N.S.*, No. 00-0727, 2001 WL 98571, at *3 (Iowa Ct. App. Feb. 7, 2001). But "[t]he juvenile court has the legal discretion to authorize concurrent jurisdiction and must exercise this discretion in the children's best interests." *In re T.B.*, No. 17-0619, 2017 WL 2875886, at *1 (Iowa Ct. App. July 6, 2017).

While the mother requested that the court grant concurrent jurisdiction as to several dissolution-related issues, the court limited concurrent jurisdiction to child support. In doing so, the court stated:

the Court does find that it is appropriate to grant concurrent jurisdiction for the limited purpose of allowing [the mother] to seek child support. The testimony at the hearing showed that [the mother] is under a serious financial burden caring for all five children. While [the father] has voluntarily contributed some money to a shared bank account, it is not enough to meet the needs of the children and to pay the family bills. Additionally, funds are withdrawn from that account for debts that are solely associated with [the father], including his car payment. The best interests of the children would be served by allowing [the mother] to pursue child support in District Court.

In granting concurrent jurisdiction, the best interests of the children control. *In re B.H.*, No. 06-0009, 2006 WL 470220, at *1 (Iowa Ct. App. Mar. 1, 2006); *In re R.J.H.*, No. 03-1119, 2003 WL 22017283, at *1 (Iowa Ct. App. Aug. 27, 2003). Additionally, in authorizing concurrent jurisdiction, "[t]he juvenile court has the legal discretion to authorize a party to litigate concurrently a specific issue relating to custody, guardianship, or placement of a child who is the subject of a pending juvenile action." *In re R.G.*, 450 N.W.2d 823, 825 (Iowa 1990). On our review, we see no reason to disturb the court's ruling on this issue.

D. Visitation Supervision by the Paternal Grandparents

The mother challenges the district court's ruling that allowed the children's paternal grandparents to supervise visitation with the father. The mother argues this visitation schedule is not in the best interests of the children, and "the court has the authority to order unsupervised or supervised visits for the parents but does not have the authority to order that certain people supervise the visits."[3]

We first note that "the nature and extent of visitation is always controlled by the best interests of the child." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct.

---

[3] Despite her assertion that the court lacks authority, the mother provides no citation to support this claim.

App. 1996). The State and the father argue that since HHS must make every reasonable effort toward reunification "consistent with the best interests of the [children]," *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) (citation omitted), visitation supervised by the paternal grandparents is warranted as it is consistent with the goal of reunification while maintaining the best interests of the children.

The court found supervision by the grandparents presents no safety concern for the children. Although our review is de novo, we give weight to the findings of the district court. *L.B.*, 970 N.W.2d at 313. The social casework manager testified that there were no safety concerns about supervision by the paternal grandparents, and the court's order allowed for HHS to revoke the paternal grandparents' supervision privileges should a safety concern arise. The court's order is consistent with the best interests of the children. *See M.B.*, 553 N.W.2d at 345.

E. Visitation with the Father

Finally, the mother argues the court erred in ruling that the father would have a right to a minimum of five hours of visitation with the children each week. She argues this visitation is excessive and not in the best interests of the children.

"The power of the juvenile court in CINA proceedings includes determination of visitation rights of parents." *In re K.R.*, 537 N.W.2d 774, 777 (Iowa 1995). And "[v]isitation between a parent and child is an important ingredient to the goal of reunification." *M.B.*, 553 N.W.2d at 345. The best interests of the children control. *Id.* The father and the State point to Iowa Code section 232.102A, which requires HHS to make reasonable efforts toward reunification. Reasonable efforts toward reunification include "visitation designed to facilitate reunification

while providing adequate protection for the child." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).

The court here found the previous amount of visitation to be "unacceptable," and it noted "[v]isitation with [the father's] children has been stymied." Prior to the hearing, the father had only received five visits over seventy-five days. Because of this, the court concluded that HHS was not making reasonable efforts to reunify. Considering visitation is important in the process of reunification, and reasonable efforts must be made toward that end, we affirm the visitation guidelines crafted by the district court. *See M.B.*, 553 N.W.2d at 345; *see also C.B.*, 611 N.W.2d at 493.

## IV. Conclusion

Continued removal of the three children from the father's custody was warranted in light of the father's failure to address a history of physical abuse and was in the children's best interest. It is contrary to the children's welfare to be in the father's custody and placement with the mother is the least restrictive placement available. We affirm the court's denial of the father's motion to remove the GAL, the court's grant of concurrent jurisdiction as to child support only, the specific visitation awarded to the father, and allowance of supervision of the father's visitation by the paternal grandparents.

**AFFIRMED ON APPEAL AND CROSS-APPEAL.**